CLAIRE PARADIES, Plaintiff, *v.* TRAVELERS INSURANCE COMPANY, Defendant.

City Court of City of New York, Special Term, Kings County, November 29, 1944.

*Samuel Friedman* for plaintiff.

*Moran, Galli & McGlinn* for defendant.

JOYCE, J. Plaintiff is the beneficiary under a policy of life insurance dated May 8, 1941, issued by defendant on the life of Warren Whitaker Paradies.

The policy contains a special provision as to aeronautics — supplemental agreement attached to and made a part of the policy which reads:

" Death as a result, directly or indirectly, of service, travel or flight in any species of aircraft, except as a passenger on a licensed passenger aircraft piloted by a licensed passenger pilot on a scheduled passenger air service regularly offered over an established passenger route, between definitely established airports is a risk not assumed under this contract; but if the insured shall die as a result, directly or indirectly, of such service, travel or flight the company will pay to the beneficiary the reserve on this contract, less any indebtedness thereon.

" The Incontestability Provision in the aforesaid Life Contract is amended to read: ' This contract shall be incontestable after it shall have been in force for a period of two years from its date of issue except for nonpayment of premiums, and except for violation of the conditions of the contract relating to military or naval service in time of war if such service shall be restricted by indorsement hereon at date of issue. It is otherwise free from conditions as to residence, occupation, travel or place of death except as provided in the Special Provision as to Aeronautics.' "

The facts here are not in dispute. According to the War Department, Lieutenant Paradies was killed in action February 23, 1944. " He was performing the duties of bombardier in a military airplane on a combat mission over Italy at the time of his death."

Plaintiff brought action to recover on the policy, and defendant in its answer admits many of the allegations of the complaint and interposes a complete defense. This defense recites the special provision as to aeronautics, and alleges in substance that insured died on or about February 23, 1944, as a result directly or indirectly of service, travel or flight in an aircraft, not a passenger on a licensed passenger aircraft piloted by a licensed passenger pilot, etc., and demands judgment dismissing plaintiff's complaint.

Let's take a look at the clause in question. It tells the insured, if you travel by air, the company is not liable in the event of your death, unless you travel under circumstances that are outlined in your policy. This provision gave insured a decision, a choice or an option and put him on his guard that if he traveled any other way by air and met his death, or if he was killed while flying with a stunt pilot, or a sky writer, or with a private aviator, he would not be protected under the policy.

This, to my mind, means civilian flying, either business or pleasure, because the very next clause mentions " except for violation of the conditions of the contract relating to military or naval service &ast; &ast; &ast; if such service shall be restricted by indorsement hereon at date of issue."

There is no such indorsement on the policy. There is a restriction on the additional indemnity contract that the company will pay provided such death does not result from (c) any act of war. No claim is made for recovery on this clause by plaintiff herein.

In this case Lieutenant Paradies followed the colors into the shock of invasion. He is a military casualty. He was in a plane, that's true, when he met his death. If he were killed in a foxhole, on a landing beach, or lost at sea, I am certain the defendant would have paid without question under this policy, so under the circumstances I feel substantial justice requires me to say: Plaintiff's motion for summary judgment is granted. Defendant's cross motion is denied.