IDA HYFER *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.　March 5, 1945. — May 3, 1945.

Present: FIELD, C.J., LUMMUS, WILKINS, & SPALDING, JJ.

*Insurance,* Life: aeronautical clause; Issuance of policy. *Conflict of Laws.*

A contract of life insurance was made in Massachusetts and construction thereof according to Massachusetts law was required, where the application for the policy was made to a company in New York and provided that the company should incur no liability under the application until it had been approved, a policy had been issued and delivered, and the insured had paid the first premium to the company; and where the policy was issued at the home office of the company in New York, was forwarded to a district office in a city in Massachusetts, and was there delivered to the insured, who paid the first pre-

mium "on delivery": the fact that by the terms of the policy certain subsequent acts were to be performed at the home office was not controlling.

A clause in a life insurance policy, specifically excluding from the coverage death resulting from "travel or flight in any species of air craft, except as a fare-paying passenger on a licensed air craft . . . on a scheduled passenger air service regularly offered between specified airports," was applicable and precluded recovery by the beneficiary of the face amount of the policy, notwithstanding the absence from the policy of any provision excluding from the coverage death due to war risks, where the insured, a soldier serving in the army air corps in time of war, was killed through the crashing of an unlicensed official army transport airplane on which he was riding in the line of duty, and not as a "fare-paying passenger" while it was "on a scheduled flight."

CONTRACT. Writ in the Superior Court dated February 10, 1943.

The action was reported by *Goldberg,* J.

*Lee M. Friedman,* for the plaintiff.

*R. C. Evarts,* for the defendant.

*B. Aldrich,* by leave of court, submitted a brief as amicus curiae.

WILKINS, J. This action of contract by the beneficiary of a life insurance policy is reported without decision upon a case stated. G. L. (Ter. Ed.) c. 231, § 111. On December 26, 1940, Irving Hyfer, a resident of Chelsea, applied to the defendant in New York for "a $10,000 Whole Life" policy of insurance, the beneficiary of which was his mother, with whom he lived. The application contained the following: "The Company shall incur no liability under this application until it has been received, approved, and a policy issued and delivered, and the full first premium specified in the policy has actually been paid to and accepted by the Company." [1] The application was approved,

_____

[1] The full provision was: "The Company shall incur no liability under this application until it has been received, approved, and a policy issued and delivered, and the full first premium specified in the policy has actually been paid to and accepted by the Company during the lifetime and continued insurability of the applicant, in which case such policy shall be deemed to have taken effect as of the date of issue as recited on the first page thereof, except that if the applicant pays in cash to the Company, on the date this application is signed, an amount equal to the full first premium on the policy applied for and if this application is approved at the Company's Home Office for the class, plan and amount of insurance herein applied for, then the policy applied for shall be in force from the date of the application." The policy provided:

and a policy "bearing effective date of January 2, 1941, . . . was issued in New York [at the home office] and forwarded to the district office" of the defendant in Everett. The policy was delivered to the insured in Chelsea on or about January 13, and the first premium was paid "on delivery." The contract was made in Massachusetts. *Thwing* v. *Great Western Ins. Co.* 111 Mass. 93, 109. *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197, 199. *Davis* v. *New York Life Ins. Co.* 212 Mass. 310, 312. *Equitable Life Assurance Society* v. *Clements*, 140 U. S. 226, 232. Beale, Conflict of Laws, §§ 311.1, 318.1. Am. Law Inst. Restatement: Conflict of Laws, § 318, comment a. Its interpretation is to be governed by the law of this State. *Millard* v. *Brayton*, 177 Mass. 533, 537. *Wilde* v. *Wilde*, 209 Mass. 205, 207. Beale, Conflict of Laws, §§ 346.4, 332.29. Am. Law Inst. Restatement: Conflict of Laws, §§ 332 (f); 346, comment a; 358, comment a. This is true notwithstanding that the policy provided that certain acts were to be performed at the home office, such as the payment of the principal amount at maturity (*Wilde* v. *Wilde, supra*, 207), the filing of notice of change of beneficiary, assignment, or the exercise of rights upon surrender or lapse (Beale, Conflict of Laws, § 317.2). We do not think that the limitation of the general rule stated in *Clark* v. *State Street Trust Co.* 270 Mass. 140, 150, is applicable. While the plaintiff contends that New York law governs the construction of the policy, we see no reason to believe that a different result should be reached under New York law.

There was no clause in the policy excluding death due to war risks, but there was a "special provision as to aeronautics": "Death as a result, directly or indirectly, of travel or flight in any species of air craft, except as a fare-paying passenger on a licensed air craft piloted by a licensed

---

"All premiums are payable, on or before their due dates, at the Home Office of the Company, and may be paid to an authorized agent or representative of the Company, but only in exchange for the Company's official premium receipt signed by the President, Vice-President, Actuary, Treasurer or Secretary of the Company and countersigned by such agent or representative by whom such payment is received."

passenger pilot on a scheduled passenger air service regularly offered between specified airports, is a risk not assumed under this Policy; but, if the Insured shall die as a result, directly or indirectly, of such travel or flight, the Company will pay to the beneficiary the reserve on this Policy, less any indebtedness thereon."

The insured enlisted in the army, and was assigned to the air corps, in which he held the rank of private. His principal duty, ordered by competent authority, was as radio operator on an official army transport plane, which did not carry an "NC license," but bore an army serial number. The pilot was licensed for both army and civilian aircraft. On October 1, 1942, while "on a scheduled flight" in Porto Rico, where he apparently was stationed, the insured and the entire crew were killed by crashing into a hilltop obscured by clouds.

The main question is the effect of the aeronautical clause. If it applies, there can be no recovery of the face amount of the policy, as the insured was not "a fare-paying passenger on a licensed air craft . . . on a scheduled passenger air service regularly offered between specified airports." One reason urged by the plaintiff why it should not apply is that, since there was no general provision excluding an obligation to pay for death due to war risks, the aeronautical clause must be interpreted as not precluding payment for death occasioned by aircraft flight in the armed services. This, however, is in direct conflict with its express language. The absence of a provision excluding death due to war risks did not operate to engraft an implied exception upon the unambiguous aeronautical clause, which relates to the risk itself and not to the reason for the exposure. See *Green* v. *Mutual Benefit Life Ins. Co.* 144 Fed. (2d) 55, 57. It is fallacious reasoning to say that, because the policy failed to exclude liability for war losses in general, the scope of the undertaking, which clearly did exclude certain aviation deaths, is through such failure to be construed to comprehend all war losses and so to cover war aviation deaths of the excluded kind. The plaintiff also argues that the insured's presence in the plane was not

voluntary, but by reason of vis major, and that the interpretation of the clause should be limited to risks voluntarily assumed. Even if the premise be conceded, the conclusion contended for is beyond the bounds of permissible interpretation. "A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms." *Stankus* v. *New York Life Ins. Co.* 312 Mass. 366, 369. See *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471–472; *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 511, 513; *Estabrook* v. *Eastern Commercial Travelers Accident Association*, 308 Mass. 439, 442.

We have been referred to but three decisions of courts of last resort dealing with analogous situations. The reasoning and result in *Green* v. *Mutual Benefit Life Ins. Co.* 144 Fed. (2d) 55, are in accord with the conclusion here reached. The case of *Bull* v. *Sun Life Assurance Co.* 141 Fed. (2d) 456, is distinguishable. We do not regard *Sovereign Camp Woodmen of the World* v. *Compton*, 140 Ark. 313, as an authority to the contrary.

The plaintiff under the case stated is entitled to the reserve value of $181.90 upon surrender of the policy.

*Judgment for the plaintiff for $181.90.*