ANNE H. DURLAND, Plaintiff, v. NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Orange County, April 17, 1946.

*Percy R. Buttenheim* for plaintiff.

*Willard B. Vander Voort* for defendant.

SNEED, J. Motion by plaintiff for summary judgment and cross motion by defendant for summary judgment.

The action is brought upon two policies of insurance in the aggregate amount of $5,000, issued to Russell W. Durland by defendant on October 16, 1941, and upon his applications therefor dated October 3, 1941. The applications and policies are in all material respects identical. The plaintiff is the widow of insured and the beneficiary named by change of beneficiary indorsement on September 13, 1943.

At the time of application for and issuance of the policies insured, then twenty-two years of age, was a student in the

Department of Agriculture at Cornell University. On September 18, 1942, he enlisted in the United States Naval Reserve and on August 18, 1943, was appointed an ensign therein. He was then ordered to report to the air force, Atlantic fleet, for active duty.

He was killed at Trinidad, British West Indies, on April 17, 1944, when the naval plane upon which he was a crew member, crashed into a mountain on the take-off. Defendant disclaims liability under the provisions of the contracts of insurance. No question of fact is controverted.

Each of the policies of insurance contains the clause: " Residence, Travel and Occupation.— This policy is free of conditions as to residence, travel, occupation, and military or naval service, except as to provisions and conditions relating to the Double Indemnity Benefit."

This provision of each policy is followed by an interlined imprint of a rubber stamp reading: " Except as provided by Aviation Rider attached hereto." Each policy has attached, and made a part of the policy, an " Aviation Rider " bearing the same dating and concededly attached to the policies when issued. This rider provides: " Anything in this policy to the contrary notwithstanding, the death of the insured as a result directly or indirectly from operating or riding in any kind of aircraft, whether as a passenger or otherwise, other than as a fare-paying passenger in a licensed passenger aircraft provided by an incorporated passenger carrier and operated by a licensed pilot on a regular passenger route between definitely established airports, is a risk not assumed under this Policy,  *  *  *." It further provides: " This rider shall become null and void on the anniversary of this Policy on which the Insured's age at nearest birthday is 35." Upon the face, or first page, of each policy there is stamped the words: " See Aviation Rider attached hereto."

Plaintiff, conceding that insured's death in the airplane accident does not come within the exception stated in the aviation rider, contends that that rider does not defeat her right to recover and argues: (1) That the provision that the policy is free of conditions as to military or naval service, together with the aviation rider creates an ambiguity as to intent of the contract which must be construed against the defendant; (2) That the same provisions of the policy indicate the intention of the contracting parties to be that the aviation rider referred and related only to civilian aviation; (3) That because of the form, punctuation and placing of the rubber stamp imprint, above

mentioned, it is doubtful whether it modified the preceding " occupation " clause of the contracts or the succeeding " Incontestability " clause.

It is conceded that construction of the contract, if it requires judicial construction, must be favorable to the insured as against the insurer; hence, that established rule need not be discussed. (*Hartol Products Corp.* v. *Prudential Insurance Co.,* 290 N. Y. 44, 49.)

Had the contract contained only the military or naval service clause and the aviation rider, it might well be a sufficient ambiguity would be presented to permit the construction that insured was covered in all risks in the naval service including aviation, and, further, that the aviation rider was intended to relate only to civilian aviation. (*Sovereign Camp W. O. W.* v. *Compton,* 140 Ark. 313; *Paradies* v. *Travelers Ins. Co.,* 183 Misc. 887; *Schifter* v. *Commercial Travelers Mut. Acc. Assn.,* 183 Misc. 74, affd. 269 App. Div. 706.)

It would seem, therefore, that the question whether the risk of death in the naval service was limited by the rubber-stamp imprinted words to risks other than those excluded by the aviation rider presents the crux of this litigation.

Upon this question plaintiff contends that had the imprinted words: " Except as provided by Aviation Rider attached hereto " been intended to limit the risks assumed under the military or naval service clause, it would not have commenced with a capital letter and would have concluded with a period. Upon the original policies, particularly one of them, there is indication that there was a period at the conclusion of the clause; and by other imprints of the same rubber stamp appearing upon the office work sheets of the defendant company, submitted with the affidavit of defendant's chief clerk of its policy issue division, it is clear that the stamp bore a period at its end.

Insured had been closely questioned on his application and its attached " Military and Naval Blank ", required from " all male applicants ages 17 to 45, inclusive ", upon his aviation experience, intentions and the likelihood of his entering the air service of the army or navy. He had there and then asserted that he did not plan to take flying instruction, or to do any flying other than as a passenger on commercial lines, or to join or enlist in any air corps, and stated that because of his agricultural work he probably would be exempt from military service. When insured received the policies it is not likely that he believed or assumed that the defendant had not excluded from its risk aviation in the naval or military service.

Moreover, were the imprinted words to be read with the succeeding "Incontestability" clause of the policies, it would read "Except as provided by Aviation Rider attached hereto, this policy shall be incontestable after two years from its date of issue * * *." There is no reference to incontestability in the aviation rider. Only a provision that the aviation rider shall become null and void when insured became thirty-five years of age. Clearly it could have been no one's intention that the imprinted words modified the "Incontestability" clause. Such a construction would be neither reasonable nor intelligible.

It is my conclusion that the policies are not ambiguous in respect to aviation coverage. The true intent of the parties was that the risks of military or naval service covered by the policies were limited to such service risks other than the aviation risks excluded from coverage by the aviation rider. (*Green* v. *Mutual Ben. Life Ins. Co.*, 144 F. 2d 55; *Hyfer* v. *Metropolitan Life Ins. Co.*, 61 N. E. 2d 3 [Mass.].)

Defendant's motion is granted. Submit order.