No. 37,074

GERTRUDE E. McKANNA, *Appellant*, v. CONTINENTAL ASSURANCE COMPANY, *Appellee*.

(194 P. 2d 515)

Opinion filed June 12, 1948.

*Cliff A. Morgan*, of Newton, argued the cause, and *W. H. von der Heiden*, of Newton, was with him on the briefs for the appellant.

*J. B. Patterson*, of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones* and *Wm. P. Thompson*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to recover upon a policy of life insurance. The appeal is from an order overruling plaintiff's demurrer to defendant's answer.

The petition alleged that about March 6 or February 3, 1941, defendant issued to Ellis J. McKanna its policy of insurance in the sum of $1,000, a copy of which was attached to the petition and made a part thereof; that the insured complied with the terms and conditions of the policy during his lifetime; that the insured designated the plaintiff, Gertrude E. McKanna, his mother, as the beneficiary of the policy, under which defendant promised to pay plaintiff the sum of $1,000 upon receipt of proof of the death of the insured; that plaintiff had furnished defendant with proof of the death of the insured, which occurred somewhere near Corsica, Italy, on or about January 18, 1945, as a casualty of World War II, and declared dead as of the date of January 18, 1946, under United States Army General Order and Act of Congress, the insured having been missing in action for more than a year; that defendant denied liability in any sum more than $93.53, claiming its liability was limited to the reserves; that under the terms of the policy there was due

and owing plaintiff the sum of $1,000, with legal interest thereon, and plaintiff tendered into court defendant's check, dated February 19, 1946, in the sum of $93.53. The prayer was for judgment for $1,000 with legal interest and costs. The policy attached does not contain a general war exclusion clause, but contains two clauses, important in considering the appeal. One was defendant's Form L4141. This is entitled "Supplementary Contract Covering Waiver of Premium in Event of Total and Permanent Disability." By it defendant waived the payment of all premiums falling due after the commencement of total disability and during its continuance, and defined total disability within the meaning of the supplementary contract, which designation contained the following "Exceptions":

"Total disability resulting from (a) intentional self-inflicted bodily injury; (b) service in the military or naval forces of any country when such country is engaged in war, whether declared or not; (c) bodily injury sustained while in or on, or in consequence of having been in or on any device for aerial navigation, or in falling therefrom or therewith, or while adjusting, operating or handling any such device, except while actually riding as a fare-paying passenger in an aircraft operated on regular schedule by an incorporated passenger carrier over its established air route; . . . are risks not assumed by the Company hereunder and are excluded from the insurance provided by this supplementary contract."

Also attached to and forming a part of the policy was a special endorsement, defendant's Form L4190-F, which contained two provisions: (a) *"Incontestability:*

"This policy shall be incontestable after it has been in force during the lifetime of the Insured for a period of two years from its date of execution, except for nonpayment of premiums, and except as to provisions and conditions relating to benefits in the event of total and permanent disability and those granting additional insurance specifically against death by accident contained in any supplementary contract attached to and made a part of this policy, and except as to provisions and conditions relating to death resulting from travel or flight in any species of aircraft as contained in the 'Special Provisions as to Aviation Exclusion' endorsed on and made a part of this policy.' "

And (b): *"Special Provisions as to Aviation Exclusion.*

"Should the death of the Insured result from bodily injuries sustained while in or on, or in consequence of having been in or on any device for aerial navigation, or in falling therefrom or therewith, or while adjusting, operating or handling any such device except while actually riding as a farepaying passenger in a licensed passenger aircraft provided and operated by an incorporated passenger carrier for the regular transportation of passengers and which is being operated at the time by a licensed transport pilot upon a regular established time schedule over a regular passenger route between definitely established

airports, the amount payable in full settlement of this policy shall be the reserve thereunder and the reserve on any dividend additions less any indebtedness on or secured by this policy."

Defendant answered, admitting its execution of the contract of insurance which contained the clauses above quoted, and further alleged that the following provision was printed on the face of the policy and became an integral part thereof:

"Should death of the Insured occur under conditions as specified under endorsement form Number L4190-F attached hereto the amount payable in full settlement hereunder shall be the amount provided in said endorsement."

and alleged if the insured met his death on or about January 18, 1946, his death occurred under circumstances described in the exclusions of the endorsement Form No. L4190-F; that at the time and immediately prior thereto he was in a combat aircraft of the United States army air forces on a regular combat operation flight over enemy territory during World War II, or in falling therefrom or therewith, or while adjusting or operating the aircraft as an officer of the United States army air forces, and the duly designated pilot of the army air force aircraft; that the records of the War Department, the Adjutant General's office thereof, show that on the date and at the time the insured was a pilot of a B-25 (Mitchell) bomber and was flying the lead position in a twenty ship bombing formation on a mission over San Ambrogio, Italy, when the plane was hit in one of its engines by enemy antiaircraft fire and fell, and that from information given defendant by plaintiff at the time of the alleged death of the insured he was squadron leader of twenty ships, was flying a B-25 bomber, at which time the airship was hit three times by enemy antiaircraft fire; that a fire resulted; that the ship exploded in the air, and that no person was seen to "bail out" or to escape therefrom, and that by reason of the foregoing defendant became liable under the policy for the amount of the reserve and premiums paid after January 18, 1945, in the total sum of $93.53; that defendant tendered that amount to plaintiff under date of February 19, 1946; that plaintiff retained the amount tendered by check and in her petition has tendered the same into court; that defendant renews its tender in the amount stated and will keep that tender good pending determination of this action. The prayer was that plaintiff take nothing and that defendant recover its costs.

Appellant contends the policy in question should be distinguished

from that before the court in *Knouse v. Equitable Life Ins. Co.,*
163 Kan. 213, 181 P. 2d 310. There the pertinent portion of the
clause reads:

"Death as a result, directly or indirectly, of service, travel or flight in any
species of aircraft, except as a passenger on a regularly scheduled passenger
flight of a duly licensed common carrier, is a risk not assumed under this Policy;
but, if the Insured shall die as a result, directly or indirectly, of such service,
travel or flight, the Company will pay to the beneficiary the reserve on this
Policy, . . ." (p. 214.)

We think there is no difference between the meaning of this clause
and the one contained in the policy before us under the "Special
Provision as to Aviation Exclusion," previously quoted.

Appellant argues that the policy before us is ambiguous in the
following respect: That in the exceptions to the definition of total
disability which would justify the waiver of premiums there is a
clause (*b*) pertaining to service in military and naval forces and also
a clause (*c*) pertaining to aerial travel, while in its "Special Provi-
sion as to Aviation Exclusion," applicable in the event of the death
of the insured, there is no mention of service in military or naval
forces. We think this does not constitute ambiguity. The forms
pertain to different things. Each should be read as it pertains to
its particular purpose. This is further emphasized by the fact
that early in the policy it was made clear that the liability of the
insurer for death of the insured should be controlled by Form No.
L4190-F, if the death occurred under conditions specified therein.
We would be reframing this policy if we were to put in Form
L4190-F something which is not there. We would not be justified
in doing that.

Counsel for appellant contend that our decision in the Knouse
case was erroneous and cite two New York cases, *Schifter v. Com-
mercial Travelers Mut. Acc. Ass'n,* 183 Misc. 74, 50 N. Y. S. 2d 376,
and *Paradies v. Travelers Ins. Co.,* 183 Misc. 887, 52 N. Y. S. 2d 290,
which counsel for the plaintiff regard as much the better reasoning.
These cases were considered in our Knouse case and held not to be
controlling. We adhere to that view. They also cite the more
recent case of *Conaway v. Life Ins. Co. of Virginia,* 148 Ohio St.
598, 76 N. E. 2d 284. The court in that case held that the inquiries
made in the application for insurance and the answers made by the
applicant pertained to civilian activities. In the opinion it was
said:

"The opening phrase of the above quoted endorsement reads: 'On account of the aviation hazard *of the insured.*' (Italics supplied.) Significantly the company did not employ the broad, general language 'on account of aviation hazard.' Instead the reference was to merely the aviation hazard 'of the insured,' which at that time was civilian."

Since any policy of insurance constitutes the contract between the insurer and the insured it would appear that this distinction was not justified. No authority was cited by the court. One of the justices wrote a dissenting opinion, concurred in by two of the others. The clause in question here is entitled "Special Provision as to Aviation Exclusion." Perhaps this wording would have satisfied the majority of the Ohio court in the Conaway case that it pertained generally to aviation. If so, it would be an authority supporting the position of defendant herein rather than that of plaintiff. Upon the whole we conclude it is not controlling here.

Counsel also cite a recent decision by the Civil Division of the Municipal Court of Philadelphia, *Janco v. John Hancock Mutual Life Insurance Company*, 2 Aviation Law Reporter, 14,526. As we understand it, the status of an opinion of that court as an authority is substantially the same as would be an opinion by one of the judges of our city court of Kansas City or Wichita. The policy in that case contained a clause entitled "War Risk and Aviation Exclusion Clauses," under which the liability of the insurer was limited to the reserve of the policy. It contained three paragraphs: (*a*) Which pertained to the death of the insured while serving outside of the United States in the military, naval or air forces of any country engaged in war; (*b*) was substantially the aviation exclusion clause in the policy before us; (*c*) was a general exclusion clause if death resulted from any cause in war outside of the United States. The insured died in an airplane crash at Maxwell Field, Alabama, while flying in training in the United States military forces, and at that time was not traveling as a fare-paying passenger on a licensed aircraft operated by a licensed passenger pilot on a scheduled passenger air service regularly operated between specific airports. Plaintiff contended that paragraph (*a*) of the exclusion clause was applicable, but since the death occurred in this country instead of abroad the insurer was liable. The insurer contended that paragraph (*b*) of the exclusion clause applied. The court expressed great doubt, but concluded that paragraph (*a*) was controlling and rendered judgment for plaintiff. This decision was rendered December 27, 1947.

Whether the case has been or will be appealed, and what will be the final determination by the courts of Pennsylvania on the question, is unknown. In any event we do not care to follow the reasoning of the opinion.

We note the late uncited case of *Provident Life & Acc. Ins. Co. v. Anderson,* 166 F. 2d 492, where it was contended that separate paragraphs of a "War and Aviation Clause Attached" rendered the policy ambiguous as to the aviation clause. That contention was carefully analyzed and denied. Appellant points out that some of the justices dissented from the opinion in the Knouse case. Notwithstanding that fact the opinion as written became and is the opinion of the court. We think the analysis made in that case of the aviation clause there involved is applicable to the "Special Provision as to Aviation Exclusion" contained in the policy before us and that the case is controlling.

. The result is that the judgment of the trial court is affirmed. It is so ordered.

Cowan, J., not participating.