570

BOYE et al. v. UNITED SERVICES LIFE
INS. CO.
No. 9670.

United States Court of Appeals
District of Columbia.

Argued May 11, 1948.

Decided June 14, 1948.

Mr. Justin L. Edgerton, of Washington, D. C., for appellants.

Mr. Neil Burkinshaw, of Washington, D. C., with whom Mr. Dennis Collins, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

The plaintiff appeals from a judgment for the defendant in a suit on a life insurance policy. Appellee relies on a clause in the policy which (with irrelevant exceptions) limited recovery to premiums paid if death was "due to operating or riding in any kind of aircraft."

War Department documents duly admitted in evidence are all there is to show the cause of death. They state that Lieutenant Boye, the insured, "was performing his regularly scheduled duties of pilot of a B-17 (Flying Fortress) bomber which participated in a bombardment mission over Germany on 25 August 1944. He was in full flying status at the time of his death. * * * He was officially reported as missing in action as of the 25th day of August 1944. * * * Lieutenant Boye was a crew member of a plane which departed from England on 25 August 1944 on a bombing mission to Peenemunde, Germany. The last known whereabouts of the plane was at the coordinates 54° 10′ N.— 13° 50′ E. at approximately 1:22 p. m. on the day in question. It is believed to have been lost as a result of enemy anti-aircraft fire. No information is available as to the circumstances surrounding its disappearance. The coordinates named above locate a point in the vicinity of the target, on the southeast coast of Germany. Of two planes that failed to return from the mission, one was seen going down on fire, out of control. It was not established that this was Lieutenant Boye's plane. A search of captured German records fails to reveal any data pertaining to the downing of subject plane or its crew members."

We agree with the District Court that "the known circumstances point strongly to death by enemy gunfire, or by flames from a burning plane, or by the plane crashing upon the land or falling into the sea." There was certainly no proof that death was *not* so caused. But we cannot agree that death so caused is "due to operating or riding in any kind of aircraft." It follows that appellee failed to establish the defense on which it relies.

The question is not one of fact in a narrow sense, but of the meaning of a clause that appears in many insurance policies. As appellee points out, "in view of the fact that the company wrote insurance on the lives only of commissioned personnel in the Army, Navy, Marine Corps, and Coast Guard, it hardly would have been feasible to exclude war risks. Anyway, it has been the practice of the insurance industry for many years, except in times of war or of impending war, to refrain from excluding hazards incident to war." The policy in

suit was written October 1, 1941. The exclusion clause in suit is headed "Aviation Exclusion." If Lieutenant Boye's death resulted directly or indirectly from gunfire, as the District Court thought and we think it probably did, we think it resulted from a risk of war that the policy did not exclude and not from a risk of aviation that the policy did exclude. We think the case is much the same as if the policy had excluded death "due to operating or riding in an automobile" and the insured had been killed by gunfire while driving an army car.

In Knouse v. Equitable Life Ins. Co. of Iowa, 163 Kan. 213, 181 P.2d 310, 311, on which appellee relies, both the policy and the event were quite different from the ones before us. The policy there excluded "death as a result, directly or indirectly, of service, travel or flight in any species of aircraft." "Service * * * in any species of aircraft" plainly covers war service, not merely "travel or flight." And the insured was not killed by gunfire but by jumping from a bomber whose gasoline supply had run out during a mission. Recovery on the policy was of course denied. In Barringer v. Prudential Ins. Co., D. C., 62 F.Supp. 286, affirmed 3 Cir., 153 F.2d 224, the exclusion clause was like the one before us but the event was rather like the one in the Knouse case. An army airplane carrying the insured disappeared between Puerto Rico and Trinidad. The court duly inferred that it fell into the sea, and accordingly denied recovery. The court said in effect that it would have allowed recovery if there had been reason to believe that an enemy submarine had shot the plane down.

Reversed.