Janco *v.* John Hancock Mutual Life Insurance Company, Appellant.

Argued October 5, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*William H. Peace, 2nd,* with him *Ira Jewell Williams* and *White, Williams & Scott,* for appellant.

*Abe J. Goldin,* for appellee.

OPINION BY ARNOLD, J., January 14, 1949:

The plaintiff brought this action in assumpsit as the beneficiary of a life insurance policy issued by the defendant. All the facts appeared in the pleadings, and upon motion thereon judgment went for the plaintiff and defendant appealed.

The insured was a member of the Army Air Force in the late war, and was killed in Alabama as the result of a crash of an airplane in which he was training and flying as a part of his military duties.

The defense was that the policy contained the following: ". . . that death as hereinafter described is not a risk assumed under the Policy and in the event of such death the liability of the Company shall be limited as hereinafter set forth.

"(a) . . .

"(b) Death which results from service, training, travel, flight, ascent or descent in, on or from any species of aircraft; except death that results from travel as a fare-paying passenger on a licensed aircraft operated by a licensed passenger pilot on a scheduled passenger air service regularly offered between specified airports.

"(c) . . .

"In the event of any such death, the liability of the Company shall be limited to the amount of premiums paid on the Policy [less dividends and plus interest] . . ."

The plaintiff admitted in the pleadings that the insured was not a fare-paying passenger.

Clause (b) above quoted is a result clause. See *Wolford v. The Equitable Life Insurance Company of Iowa,* 162 Pa. Superior Ct. 259, 57 A. 2d 581.[1] Therefore, unless something else appears, the insured fell squarely

---

[1] Allocatur refused by the Supreme Court.

within sub-paragraph (b) above quoted, and could not recover.

The appellee attempts to answer this, first, by calling attention to sub-paragraph (a) which reads: "Death while the Insured is serving outside the forty-eight states of the United States, . . . in the military or naval or air forces of any country at war . . ." This clause is a status clause with a geographic limitation, i. e. "outside the forty-eight states." It is not in conflict with sub-paragraph (b). See *Wolford v. The Equitable Life Insurance Company,* supra. Appellee next calls attention to sub-paragraph (c) which reads: "Death within two years from the date of issue of the Policy, as a result of war or any cause incident thereto . . . while the Insured is outside the States of the United States . . ." This is also a result clause, geographically limited, under which it is immaterial whether the insured was in the military service or not. It denies recovery where the death is the "result of war or any cause incident thereto" while the insured is outside the United States. Under sub-paragraph (c), except for the geographical limitation, the insured would have been denied recovery under *Selenack, Admr., v. Prudential Insurance Co. of America,* 160 Pa. Superior Ct. 242, 50 A. 2d 736. There is no ambiguity between the status clause (a), geographically limited, and the result clause (b) denying liability where death results in connection with aircraft (when not a fare-paying passenger). Likewise clause (b) is not in conflict or ambiguous when read with the result clause (c), i. e., death as the result of war while the insured is outside the United States. Cf. *Wolford v. The Equitable Life Insurance Company,* supra, and see *Caruso v. John Hancock Mut. Life Ins. Co.* (N. J.), 53 A. 2d 222, affirmed in 57 A. 2d 359; *Provident Life & Acc. Ins. Co. v. Anderson,* 166 Fed. 2d 492 (Fourth Circuit Court of Appeals); *Selenack, Admr., v. Prudential Insurance Co. of America,* 160 Pa. Superior Ct. 242, 244, 50 A. 2d 736;

*Hyfer v. Metropolitan Life Ins. Co.* (Mass.), 61 N. E. 2d 3; and *McKanna v. Continental Assur. Co.* (Kan.), 194 Pac. 2d 515, in which the court refused to follow the opinion of the court below in the instant case.

The argument is also advanced that the status provision (geographically limited) in clause (a) "prevails" over the result provision of clause (b). No authority is cited for such a proposition. The two clauses are entirely different, relate to entirely different things, and each clause stands on its own particular wording.

Judgment reversed and now entered for appellant.