## UNITED SERVICES LIFE INS. CO. v. BISCHOFF.

### No. 10083.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 16, 1950.

Decided April 10, 1950.

· Mr. Dennis Collins, Washington, D. C., with whom Mr. Neil Burkinshaw, Washington, D. C., was on the brief, for appellant.

Mr. Robert C. Handwerk, Washington, D. C., with whom Mr. Jordan R. Bentley, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

The insurance company appeals from a judgment for the beneficiary in a suit on a policy. The insured, an army captain, was killed in action piloting a fighter plane. "Captain Bischoff was the pilot and sole occupant of a P-38 type aircraft which was engaged in a strafing mission on 10 June 1944. He flew down to strafe a locomotive and the right wing of his plane came in contact with the locomotive as he banked away. * * * [The plane] crashed and burned * * *. The remains of the pilot were recovered and buried."

The policy in suit, like that in Boye v. United Services Life Ins. Co., 83 U.S.App.D.C. 306, 168 F.2d 570, limits recovery (with irrelevant exceptions) to premiums paid if death is "due to operating or riding in any kind of aircraft * * *; any provision in this Policy to the contrary notwithstanding." Risks of war are not excepted from this general aviation exclusion clause. Since the exclusion is unqualified it applies equally to all risks, whether of war or of peace, that result from operating or riding in airplanes. Accordingly there can be no recovery in this suit. It is immaterial that the policy is declared to be "free from restrictions as to residence, travel, occupation, or military or naval service." This latter clause means among other things that the policy does not exclude all war risks. It does not mean that the policy covers all war risks.

Reversed.