SOUTHLAND LIFE INSURANCE
COMPANY, Appellant,

v.

Lola J. TRAHAN, Appellee.

No. 12946.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 2, 1955.

Rehearing Denied Nov. 23, 1955.

Brewer, Matthews, Nowlin & Macfarlane, San Antonio, R. L. Dillard, Jr., Curtis White, Dallas, for appellant.

Hoyo, Shelton & Height, San Antonio, for appellee.

POPE, Justice.

This is a suit upon a life insurance policy. Whether the policy provisions covered or excluded the risk of death while the insured was flying in a military plane and whether the insurer is estopped to claim that aviation risks were excluded are the legal questions presented. The jury answered all issues in favor of the plaintiff, who is the widow of deceased. The court, however, gave judgment in her favor, not grounded upon the jury verdict, but as a matter of law, based on an interpretation of the insurance policy.

Claude Trahan, the insured, in 1953 was a Sergeant on flying status at Randolph Air Force Base. He made application for an insurance policy, but before issuance Tom Pair, as soliciting agent for appellant, convinced insured that Southland Life Insurance Company could offer a better policy than the company with which the insured was dealing. The insured explicitly stated that he would not be interested in any policy which excluded flying coverage. Insured relied on Pair's representations and made application for a policy with Southland. When Pair delivered the policy the insured read it and refused to accept it, because it contained two aviation riders. One was known as the War and Aviation Risk Rider and the other was known as Partial Exclusion of Aviation Risk. Twenty-four days later, Pair returned with a policy, handed it to insured and showed him a separate slip of paper which stated that the War and Aviation Risk Rider had been removed. This was a true statement, but the other rider had not been removed. Insured did not again inspect the policy. Relying upon the printed slip and the agent's statement that the policy "takes care of the flying coverage," he accepted the policy. A few months later the insured died as a result of a fall from an airplane while making a military flight, 20,000 feet over the Gulf of Mexico. He was a member of the crew and was on training flight. The insurer refused to pay the death benefits because the insured suffered death by reason of the flight, which was a risk excluded by the rider known as Partial Exclusion of Aviation Risk.

The trial court, in sustaining the plaintiff's motion for judgment, held that the Partial Exclusion of Aviation Risk, which was not taken from the policy, was intended to exclude risks incurred by civilian aviation only, and that death suffered in military aviation was not excluded. To reach that conclusion, inferences from matters outside the policy itself were necessary. The War and Aviation Risk Rider, which was taken off the policy, excluded several kinds of war risks in addition to military flying. It excluded death as a result of an act of war, declared or undeclared, if the act of war occurred outside the United States or Canada. It excluded coverage for death within two years if death resulted from an act of war, and if the death occurred outside the United States or Canada while the insured was a civilian noncombatant occupying certain described hazardous areas. It also excluded coverage which:

"3. Occurs inside or outside the Home Area whether or not the Insured is in war service and as a result of operating or riding in or descending from any kind of aircraft if the Insured is pilot, officer or member of the crew of such aircraft or is giving or receiving any kind of training or instructions or has any duties aboard such aircraft or requiring descent therefrom."

Though that rider was taken off the policy, the other rider remained and was attached to the delivered policy. The rider was a separate sheet attached to the policy bearing the descriptive words in bold type, "Partial Exclusion of Aviation Risk." The rider was pasted to the policy and extended more than half way down the second page. It was visible to a casual inspection. Stamped in red on the policy were the words: "See Aviation Rider." It provided:

"If at any time, the insured is a pilot, officer, or member of the crew of any

aircraft, or is operating or assisting in the operation of any aircraft, or is giving or receiving any kind of training or instruction or has any duties whatsoever with respect to any aircraft while aboard it during travel or flight, and if the death of the insured results directly or indirectly from travel or flight in, or descent from or with such aircraft, the company's liability under this policy shall be limited to a total amount of premiums paid on the policy, without interest * * *."

The trial court's distinction between military and civilian flights in an aviation exclusion rider has been urged in some cases outside of Texas. The point has never been presented in Texas. The cases believed to support the distinction have been disapproved or distinguished by the majority of the courts on sound reasoning. Those cases do not hold that the deaths occurred by reason of airplane flights, but by reason of gun-shot, acts of third persons, or other positively excluded risks, and are therefore not in point. Boye v. United Services Life Ins. Co., 83 U.S.App.D.C. 306, 168 F.2d 570; Temmey v. Phoenix Mut. Life Ins. Co. of Hartford, 72 S.D. 387, 34 N.W.2d 833; Bull v. Sun Life Assur. Co., 7 Cir., 141 F.2d 456, 155 A.L.R. 1014; Riche v. Metropolitan Life Ins. Co., 193 Misc. 557, 84 N.Y.S.2d 832. A few other cases make a valid distinction between civilian and military flights because the language of the policy supports such a distinction. Schifter v. Commercial Travelers Mut. Acc. Ass'n of America, 183 App.Div. 74, 50 N.Y.S.2d 376; Paradies v. Travelers Ins. Co., 183 Misc. 887, 52 N.Y.S.2d 290; Conaway v. Life Ins. Co. of Virginia, 148 Ohio St. 598, 76 N.E.2d 284.

The majority view, which we shall follow, is expressed in Mutual Life Ins. Co. of New York v. Daniels, 125 Colo. 451, 244 P.2d 1064, 1068, by these words:

"Nor does the fact that the policy did not have a war-risk clause give support to any implication that military flights were not excluded. The courts in the following cases have directly consid-

ered whether the lack of a war-risk clause renders the aviation clause in an insurance policy ambiguous and all have ruled that it does not: Wilmington Trust Co. v. Mutual Life Ins. Co. of N. Y., 3 Cir., 1949, 177 F.2d 404, certiorari denied 339 U.S. 931, 70 S.Ct. 665, 94 L.Ed. 1351; Green v. Mutual Benefit Life Ins. Co., 1 Cir., 1944, 144 F.2d 55; Hyfer v. Metropolitan Life Ins. Co., 1945, 318 Mass. 175, 61 N.E.2d 3; Thoma v. New York Life Ins. Co., Pa., 1946, 30 Northam.Law Rep. 369; Knouse v. Equitable Life Ins. Co. of Iowa, 1947, 163 Kan. 213, 181 P.2d 310; McKanna v. Continental Assurance Co., 1948, 165 Kan. 289, 194 P.2d 515, 517; Durland v. New York Life Ins. Co., 1946, 186 Misc. 580, 61 N.Y.S.2d 700; and Burns v. Mutual Benefit Life Ins. Co. of Newark, D.C., 1948, 79 F.Supp. 847, affirmed without opinion, 6 Cir., 179 F.2d 236. It seems more logical to assume that the company had the purpose of solely limiting its aviation risk, whether military or civilian, and was assuming all other risks, whether military or civilian, not in the aeronautic field."

Cases, in addition to those cited in Mutual Life Ins. Co. v. Daniels, which hold that the aviation exclusion clause applies equally to military and civilian flights are: United Services Life Ins. Co. v. Bischoff, 86 U.S. App.D.C. 328, 181 F.2d 627; Janco v. John Hancock Mut. Life Ins. Co., 164 Pa.Super. 128, 63 A.2d 138; and Richardson v. Iowa State Traveling Men's Ass'n, 228 Iowa 319, 291 N.W. 408. Contra: Broidy v. State Mut. Life Assur. Co., etc., 2 Cir., 186 F.2d 490.

 The case was submitted to the jury on the theory that the insurer is estopped to deny that Pair contracted for a policy which would cover aviation risks. The jury found that Tom Pair, the agent, misrepresented facts to the insured, that Pair stated the policy would cover aviation risks, that the insured relied upon the statements, that the insured would and could have purchased other insurance covering

aviation risks but for the representations, that the insured would not have accepted the policy had he known it did not cover aviation risks, and that the insured was without knowledge or means of acquiring knowledge of the fact that the delivered policy did not cover aviation risks.

The findings afford no basis for a judgment for the plaintiff. Taking all the findings as true, there is no finding and no evidence that Tom Pair had authority to make a contract which included risks not covered by the policy itself.

Agency by estoppel depends upon the attitude, conduct and knowledge of the principal, not the agent. The record does not show that the principal ever had knowledge or reason to believe that the aviation rider should be left off the policy. The proof supports the findings with reference to Pair, the soliciting agent, but that is not enough. "The powers which the agent pretends to have, or assumes to exercise, are inoperative as a basis for ostensible authority when the principal is not affected by knowledge of them and does not validate them by acquiescence or assent; and no mere combination of circumstances which may, without the principal's participation, mislead third persons, however reasonably, into a false inference of authority affords a sufficient predicate for apparent authority." 2 C.J.S., Agency, § 96e(2); Hearn v. Hanlon-Buchanan, Tex.Civ.App., 179 S.W.2d 364, 368; Foote v. De Bogory, Tex.Civ.App., 179 S.W.2d 983, 986; Bell v. Moody, Tex. Civ.App., 147 S.W.2d 852, 855.

This was a life insurance policy. The statutes of Texas declare that a soliciting agent shall not have the power to waive, change or alter any of the terms or conditions of the application or policy. Insurance Code, Art. 21.04, Vernon's Ann.Civ. Stats. The policy in suit expressly limited the powers of an agent, and declared that the principal shall not be bound by any promise or representation made by persons other than certain executive officers. Soliciting agents do not possess the power to enlarge the coverage beyond those risks stated in the policy. Southland Life Ins. Co. v. Statler, 139 Tex. 496, 163 S.W.2d 623; Indianapolis Life Ins. Co. v. Powell, 133 Tex. 547, 127 S.W.2d 172; American Nat. Ins. Co. v. Huey, Tex.Com.App., 66 S.W.2d 290; Texas Life Ins. Co., v. Shuford, Tex.Civ. App., 131 S.W.2d 118. The precedents relied upon by appellee were cases wherein the necessary authority was present in the form of action taken by the home office, a general agent, or other persons possessed of powers, which in this case Pair did not have.

Appellee relies upon a statement, in part printed and in part typewritten, as controlling evidence of company authority to work an agency by estoppel and also to effect a modification of the policy. Before the policy was delivered to the insured, it was returned several times to the home office, because it contained the War Risk and Aviation Rider. No communication suggested that the Home Office should remove the Partial Exclusion of Aviation Risk Rider. Mrs. Hazel Hecathorn, the insurer's "Policy Change Manager," in transmitting the policy which was finally delivered to the insured, mailed the policy and a transmittal form to Pair, not to the insured. That transmittal form stated:

"Southland Life Insurance Company
Dallas, Texas

We have made the requested change in the enclosed policy and take pleasure in returning it. Date, November 24, 1953, Policy No. 379807–R Insured— Claude Joseph Trahan Underwriting Department has reconsidered, War and Aviation Rider removed.

Mr. Tom Pair
1424 Majestic Bldg.
San Antonio 5, Texas
Hazel Hecathorn—
Policy Change Manager"

The signature was typewritten. When Pair delivered the policy, he handed the policy to the insured and showed him the form. The form was not attached to the policy. The phrase "War and Aviation Rider removed" is treated as the company authorization to remove all aviation riders.

The transmittal form may not be so regarded for many reasons. It was nothing more than an interoffice communication, addressed to Pair, the soliciting agent. This appears on the face of the form. It was not intended for any use other than transmittal to Pair. Pair had requested the Home Office to remove the very rider which the form states was removed. The other rider was not mentioned to the company by Pair and was never removed. The Home Office, which passed on risks, never intended that it be removed, and the record fails to disclose any request to the company that it be removed.

The terms of the policy issued by the home office control this case. A soliciting agent may not vary those terms. The judgment is reversed and rendered that the appellee recover only the amount of premiums paid, as provided in the policy.