**John MC QUADE, Plaintiff,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE CO., Defendant.**

Civ. A. No. 84–773–C.

United States District Court, D. Massachusetts.

July 12, 1984.

---

**3.** I note, however, that by statute, 28 U.S.C. § 593(d), Harmon was barred from being so named.

Robert W. MacDonald, Bourne, Mass., for plaintiff.

Ronald E. Harding, Ralph H. Willard, Jr., Weston, Patrick, Willard & Redding, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a diversity action brought pursuant to M.G.L. c. 93A. Plaintiff, a resident of Massachusetts, seeks damages for injuries allegedly sustained as a result of unfair and deceptive business practices of defendant Nationwide Mutual Fire Insurance Co. The complaint alleges that the defendant's principal place of business is in Columbus, Ohio. The defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff did not file an opposition to the motion within the time allowed.

The complaint alleges that the defendant issued a homeowners' insurance policy to plaintiff covering plaintiff's home for the year 1982. During the period of the policy, the plaintiff hired an exterminator to rid his house of termites. The exterminator applied the chemical Chlordane in such amounts that the house became uninhabitable "for a long period of time." Plaintiff notified defendant insurance company of a claim on the policy, and the defendant denied coverage.

The complaint alleges that the insurance policy, known as an "Elite Policy," purported to cover losses from, among other things, fire, windstorm and theft. The complaint quotes the policy as stating, "We cover all risks of physical loss to the property described in Coverages A [Dwelling] and B except: ... contamination ..." The complaint alleges that "contamination" was one of a number of exclusions listed in section 1 of the policy. Plaintiff alleges that it is an unfair and deceptive practice for the defendant to rely on the "contamination" exclusion, when the policy purports otherwise to give very broad coverage.

The policy is an "all-risk" policy.

> Insurance policies of this type have been held to include coverage for a variety of risks not ordinarily contemplated, and recovery is generally allowed for all losses of a fortuitous nature, ... unless the policy contains a specific exclusion precluding coverage. (Citations omitted)

*Slater v. United States Fidelity & Guaranty Co. ("U.S.F. & G."),* 7 Mass.App. 281, 282–83, 386 N.E.2d 1058 (1979), *rev'd on other grounds,* 379 Mass. 801, 400 N.E.2d 1256 (1980). Moreover, when terms of an insurance policy are plainly expressed and free from ambiguity, a court must construe them in their usual and ordinary sense. *See, e.g., Slater, v. U.S.F. & G.,* 379 Mass. at 803, 400 N.E.2d 1256; *Sherman v. Employers' Liability Assurance Corp., Ltd.,* 343 Mass. 354, 356, 178 N.E.2d 864 (1961); *Hyfer v. Metropolitan Life Insurance Co.,* 318 Mass. 175, 179, 61 N.E.2d 3 (1945).

Plaintiff does not dispute the fact that he sought to recover under the policy because his home had been contaminated by Chlordane. On this basis, I rule that his claim is clearly barred by the terms of the policy. *See Hi-G, Inc. v. St. Paul Fire and Marine Ins. Co.,* 283 F.Supp. 211 (D.Mass. 1967), *aff'd* 391 F.2d 924 (1st Cir.1968). Because the policy, by its plain and unambiguous terms, excludes losses due to contamination, I rule that the complaint fails to state a cause of action and should be dismissed.

Order accordingly.