Rufo, Robert C., J.

BACKGROUND

In August 2001, the plaintiff, C&I Steel, Inc. (“C&I”) was awarded a contract to perform structural steel work at the Alden Elementary School project (the “Project”) located in Duxbuiy, Massachusetts. On June 5, 2002, C&I subcontracted the steel erection and welding work to New England Ornamental Metals (“Ornamental”). Ornamental obtained a Liability Insurance Policy (“Policy”) and Shamrock Insurance Agency (“Shamrock”) produced a Certificate of Insurance (“Certificate”). The Certificate listed C&I as an Additional Insured under the Policy with respect to the Project. The defendant, Zurich North America (“Zurich”) was listed on the Certificate as “Insurer A.”
Ornamental allegedly completed work at the Project by October 2002. However, during a subsequent inspection by an independent inspector, Ornamental’s work was found to be defective and conducted in an inferior manner. Upon receiving this report, C&I repeatedly requested that Ornamental correct the defective work. When Ornamental refused, C&I was forced to hire a replacement steel erector to repair the defective work. As a result, C&I incurred costs in the amount of $95,378.30.
On April 10, 2003, C&I sent notice of a policy claim for defective work to Shamrock. Zurich subsequently received notice from Shamrock on May 16,2003. Soon thereafter, C&I began corresponding directly with Zurich and requested that Zurich reimburse C&I under the Policy for those damages it incurred as a result of Ornamental’s defective work. Zurich denied that any such coverage existed. The relevant portions of the Policy, which both parties rely upon, are as follows:
Section I, Coverage A of the Policy states, in relevant part:
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of “bodily injury” or “property damage” to which the insurance applies. We will have the right to defend the insured against any “suit” seeking those damages. However, we will have no duty to defend the insured against any “suit” seeking damages for “bodily injury” or “property damage” to which this insurance does not apply. We may, at our discretion, investigate any “occurrence” and settle any claim or “suit” that may result. . .
b. This insurance applies to . . . “property damage” only if:
(1) The... “property damage” is caused by an “occurrence” that takes place in the “coverage territoiy”; and
(2) The . . . “property damage” occurs during the policy period.
Section V of the Policy contains the following definitions:
16. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as complete.
17. “Property Damage” means:
q. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
r. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the “occurrence” that caused it.
24. “Your Work” means:
a. Work or operations performed by you or on your behalf, but does not include work or operations performed by another entity which joined with you to form a partnership or joint venture not shown as a Named Insured on the Declarations, which terminated or ended prior to the effective date of this policy; and
b. Materials, parts or equipment furnished in connection with such work or operations.
The Policy also contained the following exclusions within Section I, Coverage A:
b. Contractual Liability
“Bodily injury” or “property damage” for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agree *367 ment. This exclusion does not apply to liability for damages:
(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an “insured contract,” provided the “bodily injury" or “property damage” occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an “insured contract,” reasonable attorney fees and necessary litigation expenses insured by or for a party other than an insured are deemed to be damages because of “bodily injury” or “property damage,” provided:
(a) Liability to such party for, or for the cost of, that party’s defense has also been assumed in the same “insured contract”; and
(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.
j. Damage to Property “Property damage” to:
(5) that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the “property damage” arises out of those operations; or
(6) That particular part of any property that must be restored, repaired or replaced because “your work” was incorrectly performed on it.
1. Damage to Your Work
“Property damage” to “your work” arising out of it or any part of it and included in the “products — completed operations hazard.”
Section IV, subsection 2 also provided:
2. Duties in the Event of Occurrence, Offense, Claim or Suit.
d. No insured will, except at the insured’s own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.
On December 19,2003, C&I filed this action against Zurich alleging breach of contract (Count I) and violation of G.L.c. 93A and c. 176D (Count II). Zurich now moves for summary judgment on both counts.

DISCUSSION

I. Standard of Review

Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

II. The Policy Excludes Coverage For C&I as a First-Party Additional Insured and as a Third-Party Beneficiary

Although both parties to this action have put forth numerous arguments, both procedural and substantive, the primary issue before this Court is whether coverage exists under the Policy to compensate C&I for the damages it suffered as a result of Ornamental’s defective work. ‘The interpretation of an insurance contract is a question of law for the trial judge and the reviewing court.” Norfolk & Dedham Mut. Fire Ins. Co. v. Quane, 442 Mass. 704, 707 (2004). “A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms.” Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982), quoting Hyfer v. Metropolitan Life Ins. Co., 318 Mass. 175, 179 (1945); see also Donovan v. Commercial Union Ins. Co., 44 Mass.App.Ct. 596, 600 (1998) (noting that an exclusion that “reads with particular clarity” should be enforced). Based on an application of the aforementioned principles of law to the facts of this case, C&I’s claim for reimbursement must fail whether it seeks coverage as a third party suing Ornamental’s insurer to collect on a claim against Ornamental or as a first-party additional insured.
In the instant case, C&I seeks reimbursement for funds it incurred as a result of being forced to hire a new steel erection company to “repair the defective work performed by New England Ornamental,” specifically, to correct “the faulty welding of moment connections.” See Am.Compl. at ¶¶8-10. There is no claim within C&I’s amended complaint for damages incurred either by physical injury to tangible property (i.e., the steel) or for the resulting loss of use of property. See Pi’s. Br. at Ex. G., p.8 (noting that the $95,378.30 that C&I seeks as damages is for “welding/moment repairs that failed upon testing agencies [sic] UV testing procedure”). As such, Exclusions j(5) and (6) and other related provisions are not relevant to the current action.[1]
C&I’s claim does, however, fit squarely within Exclusion I, “Damage to Your Work.” Under that provision, the Policy excludes coverage for claims that involve “ ‘[property damage’ to your work’ arising out of it or any part of it and included in the ‘products - completed operations hazard.’ ” It is undisputed that there was physical injury to many of the moment connections, which was directly caused by *368 Ornamental’s faulty welding work and operations. See C&I’s Answers to Interrogs. No. 9(3.) (“Fusion was retained to rework the defective moment connection welds produced by [Ornamental]’’); No. 9(4.) (“P&W was retained to do, among other things, cut out moment connection welds, grind the columns, bevel the beam ends and re-prepare the beams for moment welds”). Given the type of damages pleaded and the evidence set forth by the parties, this Court finds that Exclusion I, “Damage to Your Work,” plainly and definitely excludes the defective work performed by Ornamental from coverage under the Policy. As such, summary judgment should be granted in favor of Zurich on Count I of C&I’s complaint.

III. CSd's Chapter 176D and Chapter 93A Claims Must Fail Because Coverage Did Not Exist Under the Policy

Given the fact that coverage did not exist under the Policy, C&I’s claims under Chapter G.L.c. 176D and G.L.c. 93A must also fail. An insurer’s correct denial of coverage does not constitute an unfair claim settlement practice in violation of either Chapter 93A and Chapter 176D. See Rischvtelli v. Safety Ins. Co., 423 Mass. 703, 704 (1996) (finding that the plaintiffs claims for violation of Chapter 176D and Chapter 93A were not viable where coverage under the relevant insurance policy was found not to exist); Timpson v. Transamerica Ins. Co., 41 Mass.App.Ct. 344, 353 (holding that a violation under Chapter 176D or 93A does not occur where the plaintiff is not covered under the policy), review denied, 423 Mass. 1114 (1996). As such, summary judgment should be granted in favor of Zurich on Count II of C&I’s complaint.

ORDER

For the reasons stated herein, it is hereby ORDERED that the defendant’s Motion for Summary Judgment is ALLOWED.

 Although C&I does not dispute the viability of exclusion b. Contractual Liability, there does appear to be an actual dispute as to whether CSd’s initial sub-contract with Peabody Construction was an insured contract, which would effectively remove the dispute from that exclusion. See Exclusion b(2).