## Easton School District, to use, *v.* Continental Casualty Co., Appellant.

Argued April 14, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Edward J. Fox, Jr.,* of *Fox & Fox,* for appellant.—
Miller had no right to sue the surety claiming a breach
of the bonds: Greene Co. v. Southern Surety Co., 292
Pa. 304; Com. v. Indemnity Co., 299 Pa. 143; Phila. v.
Malone, 214 Pa. 90.

The court erred in not holding as a matter of law
that the surety was discharged by the extension of time
given by Miller to Gibbs to pay: Bauschard v. Fidelity
Co., 21 Pa. Superior Ct. 370.

The question of whether or not the note of December
1, 1926, was accepted by Miller as part payment of the
amount due him from Gibbs or whether it was accepted
as collateral security for the amount due was one which
should have been submitted to the jury: Allen v. R. R.,
229 Pa. 97; Gail v. Phila., 273 Pa. 275; Mays v. Gas
Co., 268 Pa. 325; Goldberg v. Friedrich, 279 Pa. 572;
Mumma v. R. R., 275 Pa. 277.

*Aaron Goldsmith,* with him *Herbert F. Laub,* for ap-
pellee.—Appellee was the donee beneficiary for whose
benefit the bonds were given, and he therefore had a
legal right as use-plaintiff to bring suit against the prin-
cipal and surety in the bonds: Tasin v. Bastress, 284
Pa. 47; Greene Co. v. Surety Co., 292 Pa. 304.

Where an amended declaration is filed by leave of
court, it is virtually a withdrawal of the first: Kay v.
Fredrigal, 3 Pa. 221; Barclay v. Barclay, 206 Pa. 307;

Clauss v. Ainey, 279 Pa. 534; Lindsey v. Reid, 101 Pa. 438; Bradford v. Frederick, 101 Pa. 445; Giltinan v. Strong, 64 Pa. 242.

OPINION BY MR. JUSTICE WALLING, May 1, 1931:

In 1925 the Easton School District entered into a contract with T. M. Gibbs, trading as T. M. Gibbs Construction Company, for the erection of a senior high school. This included the construction of walks, curbs, gutters, etc., which Gibbs sublet to the use-plaintiff, Peter F. Miller. The latter was to furnish all material and do all the labor for an agreed consideration. For the protection of those furnishing material and labor for this subcontract Gibbs gave the school district a bond of $4,000, with the Continental Casualty Company, defendant, as surety, reciting, inter alia, that: "Whereas T. M. Gibbs Construction Company has entered into a contract with Easton School District for all paving, walks, curbs and gutters, in connection with the construction of senior high school, situated at Northampton, Twelfth and Spring Garden Streets, in the City of Easton, Pennsylvania, and whereas the said Easton School District has required the said principal to give a bond of indemnity in the amount of four thousand dollars ($4,000), conditioned that said principal shall and will promptly pay or cause to be paid to any person, all sums of money which may be due for labor performed or materials supplied and furnished in and about the performance of the work covered by the said contract"; and also providing: "Now, therefore, the condition of this obligation is such that if the said principal shall and will promptly pay or cause to be paid to any person or persons, copartnership or copartnerships, corporation or corporations, or any other artificial body of persons, all sums of money which may be due for labor performed or materials supplied and furnished in and about the performance of the work covered by the above mentioned contract, then this obligation shall be null and void; otherwise to remain in

full force and effect." There was another bond for $1,000, of like import, by the same parties and for the same purpose.

Miller performed the contract on his part and Gibbs made him various payments and finally, on December 1, 1926, gave him a sixty-day promissory note for $3,000, that being the approximate balance. To recover this balance, Miller brought the instant suit against Gibbs and the casualty company. Judgment was taken against Gibbs by default, but the casualty company filed an affidavit of defense setting up legal questions, one of which was that in his statement of claim, verified by his affidavit, plaintiff had averred, inter alia, and in effect, that the $3,000 note was taken as part payment of the balance due him. This, the surety urged, operated to release it from liability. The trial court suggested an amendment of the statement, which was made, averring that the note was taken as collateral security. Thereupon judgment for the defendant was refused and at the trial the court directed a verdict for plaintiff, upon which judgment was entered and this appeal by the casualty company followed.

If, as the original statement of claim averred, the note was taken in payment, it would release the surety. To establish that this was the fact, defendant at the trial offered plaintiff's original statement of claim, and its rejection by the trial judge was error. A note, however, does not operate as payment of a prior indebtedness in the absence of an understanding to that effect, as to which the burden of proof is upon him who asserts it; here, upon the defendant: United States v. Hegeman, 204 Pa. 438; Buck v. Wilson, 113 Pa. 423; N. Penn Iron Co. v. N. J. Bridge Co., 35 Pa. Superior Ct. 84; see also 50 C. J. 103. If, as the amended statement avers, the note was given merely as collateral, it did not operate as an extension of time to the principal for payment of the original claim, nor release the surety, for a creditor is not required to delay the collection of a debt, be-

cause collateral given as security therefor may not be presently payable: Buck v. Wilson, supra. Although superseded as a pleading the averment in the original statement was still competent evidence against the plaintiff, like any statement made by him, and with the added feature that it was made under oath. While capable of explanation, it was sufficient to make the question of whether the note was received in payment of the debt one for the jury. That the statements in a superseded pleading may be used as evidence against the party by whom they were made is undoubted. We expressly so hold in Hess v. Vinton Colliery Co., 255 Pa. 78, 99 Atl. 218; while in 22 C. J., page 337, the rule is stated that, "Although a pleading which has been withdrawn or stricken out or superseded by amendment is out of the case in its capacity as pleading, and the pleader is no longer concluded by it, statements therein may still be competent as admissions, when they are relevant to the issues in connection with which it is sought to introduce them." See also 2 Wigmore on Evidence (2d edition), section 1067; Morrett v. Fire Assn. of Phila., 265 Pa. 9; Lindsay v. Dutton, 227 Pa. 208; Com. v. Monongahela Co., 216 Pa. 108; Truby v. Seybert, 12 Pa. 101. This error necessitates a retrial. Barclay v. Barclay, 206 Pa. 307, relied upon by the trial judge, merely holds that a superseded pleading is no longer before the court as a pleading.

On the main question, in our opinion, the trial judge properly held that the use-plaintiff might bring an action on the bond in the name of the school district for his use. He furnished all the labor and material for which the bond was expressly given as security and was the only party beneficially interested therein. The bond was a lawful obligation voluntarily assumed and should be available to accomplish the purpose for which it was given. A bond voluntarily given for the protection of subcontractors and materialmen, although beyond the requirements of the ordinance, will be enforced accord-

ing to its terms: Phila. v. H. C. Nichols Co., 214 Pa. 265. "A city has a right to require a municipal contractor to file a bond conditioned to secure the payment of all money which may become due for labor and materials furnished and supplied or performed in or about the work for which the contract was made. There is nothing ultra vires or contrary to public policy in such a condition": Phila. v. Stewart, 195 Pa. 309; see also Phila. v. Neill, 211 Pa. 353.

Furthermore, the Act of May 10, 1917, P. L. 158, as amended by the Act of May 6, 1925, P. L. 546, provides, section 1: "That it shall be the duty of all counties, cities, boroughs, towns, townships, school districts, and poor districts, in the improvement of lands, or in the erection, alteration, addition, or repair of edifices and public buildings, of any kind, in said districts, to require of the contractor or contractors, employed in or about said improvements, an additional bond, with sufficient surety or sureties, providing for the payment of all labor and material entering into the said improvements."

Section 2: "The labor and materialmen furnishing labor and material in and for said improvements, upon the contract of said contractor, shall have the right according to law to sue in an action of assumpsit, in the name of the obligee for his or their use, upon said bond, upon proof of said contractor's failure to pay for said labor or material." As the instant case was in the improvement of land of the school district and in and about the erection of the senior high school building, it falls within that statute and the remedy here sought is also sustainable thereunder. The bonds having been given as required by the statute above quoted, the surety thereon is liable to those furnishing labor and material. The case is ruled by Merion Twp. School Dist. v. Evans et al., 295 Pa. 280. See also Greene Co. v. Southern Surety Co., 292 Pa. 304, 317, and cases there cited.

The judgment is reversed and new trial granted.