Philadelphia, to use, *v.* Jafolla et al., Appellants.

Argued April 21, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Elias Magil,* with him *Joseph K. Willing,* of *Sterling & Willing,* for appellants.

*Claude C. Smith,* with him *Duane, Morris & Heckscher,* for appellee, not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, May 26, 1933:

Plaintiff, a materialman, sued to recover a balance due for cast iron water pipe furnished a contractor, one of defendants, for use in the construction of a water line in a street of the City of Philadelphia. The suit was on the surety bond given by appellants to the city pursuant to provisions of a municipal ordinance of July 10, 1930. The affidavit of defense admits all the facts, but denies the use-plaintiff's right of action on the bond. The lower court held the defense insufficient and entered judgment in favor of plaintiff. Defendants appealed.

The ordinance referred to, as indicated by its title, is "for the protection of persons, other than those contracting directly with the City of Philadelphia, who perform labor and furnish materials for the erection, construction, addition, removal, alteration or repair of buildings, structures or other work and improvements for public

use, including the work of fitting up and equipping the same......"

The bond in question, in addition to referring to Jafolla's contract with the city to furnish and lay cast iron water pipe, recited the provisions of the ordinance and stated the condition of the obligation to be that the obligor (Jafolla) "shall and will promptly pay or cause to be paid to any person or persons," etc., "all sums of money which may be due for labor performed or materials supplied and furnished, in and about the performance of the work covered by the above mentioned contract......"

Appellants' contention is that a contract for the laying of water pipe in a public highway is not within the terms of the ordinance referred to above and consequently gives no right of action on the bond to a materialman. Appellants also question plaintiff's right to sue on the obligation, alleging that the bond was not required by either ordinance or statute, and that the sole obligee therein is the City of Philadelphia. Neither of these positions can be sustained.

In Phila., to use, v. Stange, 306 Pa. 178, where the ordinance involved was practically identical with the one now under consideration, we held the hauling of fill for the purpose of grading city streets was within the terms of the ordinance, being "other work......for public use." We find no difficulty in reaching the conclusion that the laying of water pipe in a city street for the municipality is likewise within the contemplation of the provisions of the present ordinance.

The bond was required by the ordinance. It is a valid obligation and may be enforced according to its terms. "The bond was a lawful obligation voluntarily assumed and should be available to accomplish the purpose for which it was given. A bond voluntarily given for the protection of subcontractors and materialmen, although beyond the requirements of the ordinance, will be enforced according to its terms": Easton School Dist. v.

Continental Casualty Co., 304 Pa. 67, 72. It is likewise apparent that the materialman has a right of action on the bond, even though not mentioned as an obligee in the instrument, for, as pointed out by the lower court, "the City of Philadelphia itself would have no possible interest or right in the bond to enforce since a public improvement is not subject to a lien." Appellant's construction of the bond, if upheld, would enable the surety company to receive a premium for its bonds in this character of cases without subjecting itself to any risk or liability.

The obligation in question is clearly within the provisions of the ordinance and the power of the city to require such protection for materialmen is now well settled. See Phila. v. Stewart, 195 Pa. 309; Greene Co., for use, v. Southern Surety Co., 292 Pa. 304, and cases cited therein.

The judgment of the court below is affirmed.