## Durdella *v.* Trenton-Philadelphia Coach Co., Appellant.

Argued April 11, 1944. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Hughes, JJ.

*Ward Henry,* of *Swartz, Campbell & Henry,* for appellant.

*Charles A. Rothman* and *Thomas Z. Minehart,* with them *Maurice A. Bank,* for appellee.

Opinion by Mr. Justice Horace Stern, May 22, 1944:

Plaintiff was injured in a collision between his automobile and a bus operated by defendant company. In

this suit, brought to recover his damages, he obtained a verdict in the amount of $12,000.

In the original statement of claim plaintiff enumerated injuries to various parts of his body, not, however, including his back. When the trial started he amended by adding "a ruptured disc of the spine, disc protrusion into the vertebral canal, injuries to the back and dorsolumbar junction, [and] muscular vertebral spasm." X-ray pictures taken of plaintiff did not show any disc protrusion and that claim was consequently abandoned, but an orthopedic surgeon who testified in his behalf stated there was a collapse or compression of four vertebrae, the eleventh and twelfth dorsal and the first and second lumbar; this was explained as meaning some slight reduction in their size and a thinning of the intervening discs or cartilages; from the history of the case this expert attributed the condition to the happening of the accident, his opinion being that there had been fractures of these vertebrae although the lines of such fractures had disappeared. Defendant moved to strike out this testimony on the ground that the injuries described were not alleged in the amended statement of claim. The court properly overruled the motion because of the averment of "injuries to the back and dorso-lumbar junction"; had defendant deemed this allegation too general in character it could have asked for a more specific statement: *Twinn v. Noble,* 270 Pa. 500, 502, 113 A. 686, 687; *Nark v. Horton Motor Lines, Inc.,* 331 Pa. 550, 554, 555, 1 A. 2d 655, 657; *Koenig v. Quaker City Cab Co.,* 87 Pa. Superior Ct. 403; *Boles v. Federal Electric Co.,* 89 Pa. Superior Ct. 160, 165, 166. It appears that several months before the trial a physician who testified for defendant had been advised by plaintiff's expert, the surgeon previously referred to, of his diagnosis of compressed vertebrae, so that there was no element of surprise in the claim.

Shortly after the accident defendant obtained a written statement from one of plaintiff's witnesses which

contained some minor discrepancies when compared with the testimony he gave at the trial. The court accepted this statement in evidence but would not permit it to go out with the jury; it was, however, read to them. The question whether documentary exhibits should be sent out with the jury is one largely in the discretion of the trial judge (*Quartz v. Pittsburgh*, 340 Pa. 277, 279, 16 A. 2d 400, 401) and this is especially true in the case of a mere testimonial statement such as this. Defendant had also obtained a written statement from plaintiff himself which the court refused to admit in evidence; here too the alleged contradictions were insignificant; they were read to the jury and whatever error there may have been in the refusal to admit the statement was thereby rendered innocuous.

The only important question in the case is the amount of the verdict, which, in our opinion, was excessive. Plaintiff is a supervisor of installations for an engineering company. He was 34 years of age at the time of the accident. He was rendered unconscious for several hours and was in the hospital for ten days. His injuries, other than that to the vertebrae, consisted of a temporary cerebral concussion, a fractured rib which required the strapping of the chest, a cut on the knee, a stiffness and slight swelling of the great toe joint of the right foot, and a laceration of the right index finger; these are all substantially healed and have not resulted in any serious infirmity. He undoubtedly suffered considerable pain and has been obliged to consult doctors from time to time. He complains of intermittent headaches which have gradually become less frequent, occasional trouble in sleeping, and some loss of weight. His principal complaint, however, is in regard to the alleged injury to his back, as to which it may fairly be said that there is some doubt whether it resulted from the accident or constitutes what an expert radiologist who testified for defendant said is hypertrophic osteo-arthritis,

popularly known as "chronic rheumatism", a common ailment, not traumatic in origin, and developing over a comparatively long period of time; this witness considered it of significance that the pain in the back did not reveal itself until several weeks after the accident. Plaintiff at first was out of work for 37 days and then, a year later, for another period of somewhat over a month. His medical and hospital expenses amounted to $333.10 and his loss of earnings to $560; there was a property damage of $615. It may be added that the record indicates that he was not wholly frank in his testimony as to the condition of his health prior to the accident.

The verdict is reduced to $8,000, and, as thus modified, the judgment is affirmed.