## BARRINGER v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 3763.

District Court, E. D. Pennsylvania.

March 26, 1945.

Wolf, Block, Schorr & Solis-Cohen and Abraham L. Freedman, both of Philadelphia, Pa., for plaintiff.

Joseph W. Henderson, George M. Brodhead, Jr., and Kendall H. Shoyer, all of Philadelphia, Pa., for respondent.

KIRKPATRICK, District Judge.

This is a civil action to recover the face amount of a life insurance policy issued by the defendant upon the life of the plaintiff's husband.

The case was tried to the Court without a jury, the only evidence being admissions contained in the pleadings and certain statements of fact made by the defendant's counsel which, by agreement, were received as evidence.

The evidence is sufficient to support a finding that the insured is dead, and I so find. The defendant's answer denies the allegation of the insured's death but it admits that the defendant "tendered to the plaintiff net reserve on said policy in full compliance with defendant's obligations under said contract." In an amended answer, the words "if any" were inserted after "obligations."

An admission contained in an amended or superseded pleading, while it may not have the full binding force of a judicial admission, is evidence against the pleader of the fact admitted, Easton School District v. Continental Casualty Co., 304 Pa. 67, 155 A. 93; 20 American Juris-prudence, 543—although, in the present case, I do not think it makes much difference whether the original or the amended answer be considered. Both admit that the defendant tendered the net reserve on the policy. An unqualified tender amounts to an acknowledgment that the money tendered is absolutely due. 52 American Jurisprudence, 242. Under the terms of the policy in suit the net reserve becomes due only upon the insured's death. It is not alleged that the tender was made as an offer of settlement, without prejudice. Nor is it a case like Union Marine Ins. Co. v. Charles D. Stone, 7 Cir., 15 F.2d 937, 940, where tender of an amount less than that sued for was held not an admission of liability for the full amount claimed. The Court pointed out that the evidence showed "an effort by defendant to buy its peace or to compromise the claim." Upon one possible theory of this case, namely, that the insured was dead and that he died as a result of riding in an airplane, the defendant would be liable for the reserve, which was exactly what it tendered. The tender was plainly an admission that the insured was dead.

The main issue in the case is whether the defendant is liable for the face amount of the policy in view of the limitation of liability contained in the aviation rider. That rider provides that if the insured's death "shall have resulted from operating or riding in any kind of aircraft * * * (with exceptions not necessary to set forth) * * * the liability of the Company under this policy shall be limited to the net reserve * * *."

The facts surrounding the insured's death are as follows:

At 12:30 p.m. on January 24, 1943, the insured, who was a major in the United States Army and a glider expert, boarded an Army C-47 airplane (a land plane) at Borinquen Field, Puerto Rico. The plane was piloted by an Army Lieutenant with a co-pilot and was under orders to fly direct to an airfield on the northeastern tip of Trinidad. A direct flight from Borinquen Field to Trinidad would be entirely over open sea with possibly one or two very small islands near the route. The plane left the field, and neither it nor any of its occupants have ever been seen or heard of since. I think this evidence is sufficient to support a finding that the insured's death resulted from riding in an airplane, and I so find.

288

No decisions directly in point were cited, nor can I find any, but the situation is analogous to one in which a plaintiff seeks to recover accident benefits upon evidence that the insured has disappeared. The defendant has the burden of proof here just as the plaintiff has in the disappearance cases. In both cases the burden is to prove not only the fact, but also, within certain limits, the manner of death, and I do not see why the same rules should not apply to both.

In Continental Life Insurance Co. v. Searing, 3 Cir., 240 F. 653, 657, the plaintiff contended that the insured had died accidentally by drowning, although there were no witnesses and his body was not found. The Court said: "This presumption of life can be met and overcome by proof of circumstances of specific peril to which the person disappearing was subjected, and we think there was evidence in this case which, if believed, tended to show such peril." In Occidental Life Ins. Co. v. Thomas, 9 Cir., 107 F.2d 876, 879, the Court said: "It is not necessary that the proof go so far as to preclude all possible inferences except that of accidental drowning. * * * Thomas may be still alive, or if dead, it may be that he died from other than accidental causes; but the facts essential to a recovery need not be established to a moral certainty or beyond a reasonable doubt."

If the present policy had been an accident policy and the issue accidental death, it could hardly be doubted that, under the rules stated, the evidence if offered by the plaintiff would be deemed sufficient to support a verdict. True, the plaintiff in the present case did not have to prove accident but needed only to prove death and consequently did not offer the evidence of peril, but the inferences which the evidence will support are the same whether offered by the plaintiff or by the defendant.

Now, I do not suggest that riding in an airplane always places a passenger in circumstances "of specific peril" in the popular understanding of those words, but certainly it is as perilous as bathing in the ocean on a cool evening (as in the Searing case, there being no evidence in that case that the surf was high or the sea rough) or going fishing on a lake in the late afternoon as in the Thomas case.

If the evidence would support the finding that the insured's death was accidental, and I think there is no doubt that under the rule laid down by the decisions referred to it would, then it must also support the finding that the accident consisted in the plane's falling into the ocean. That, it seems to me is not only a reasonable inference, but the only reasonable one. As the Court said in the Thomas case, supra: "This is a situation where * * * the same evidence not only supports the inference of death, but also points to the cause of it." Various more or less fantastic explanations of disappearance of plane and passengers might be suggested but, with practically no land on the direct route to Trinidad, I do not see how there could be much doubt in the mind of any reasonable person that it came down in the sea. At any rate it is not necessary to preclude all other possibilities.

If the plane fell into the sea then, again, the reasonable, probable and almost necessary conclusion, from the nature of the accident, is that the insured's death resulted from riding in an airplane. Again, there are possible theories which might account for his death otherwise as, for example, gunfire from a German submarine, but they are remote. Certainly, if it be taken as established that, having been riding in an airplane which fell into the sea and was lost with all on board, the insured is dead, it seems to me that it is not only permissible but reasonable and logical to conclude that he met his death as a result of riding in the airplane.

I conclude as a matter of law that the plaintiff is not entitled to receive the face value of the policy but that she is entitled to recover the amount of the net reserve with interest.

The facts are so simple that separate findings are unnecessary. The statements of fact contained in the foregoing opinion may be taken as special findings. Conclusions of law are as above.