Braceland *v.* Hughes et ux., Appellants.

Argued March 18, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*John F. Naulty,* for appellants.

*S. Walter Foulkrod, Jr.,* with him *Anthony A. Mandio,* and *Eastburn, Begley & Fullam,* for appellee.

OPINION BY HIRT, J., June 11, 1957:

Plaintiff, a duly authorized agent of Bankers Mutual Fire Insurance Corporation issued a policy in that company to the defendants as of December 28, 1952. The policy as delivered to the defendants, insured their automobiles and other property for one year against loss from collision, fire and theft. There was also comprehensive insurance coverage in other respects. For failure of defendants to pay the premium of $3,096.28 plaintiff canceled the policy on June 7, 1953. Plaintiff had accounted to his company for the premium and this action was brought by him to recover the earned premium to the date of cancellation amounting to $1,698.81. The jury found for the plaintiff in that amount with interest. A new trial was refused and judgment was entered on the verdict.

The defendants' original answer to the complaint contained categorical denials of certain of the charges made by the plaintiff and as to the others averred that

the defendants have no means of ascertaining the truth or falsity of certain material averments of the complaint. In fact the means of ascertaining the truth of the averments was readily available to the defendants. As a matter of law defendants' answer amounted to an admission of the truth of the averments of the complaint since they were not properly denied as required by Pa. R. C. P. 1029. Defendants' first amended answer was open to the same objection and when, at the trial, the plaintiff sought to treat the averments of the amended answer as admissions, the defendants were permitted to dictate into the record their second amended answer. This second amended answer contained specific denials of some of the plaintiff's averments and qualified admissions of others.

The jury returned to the courtroom some time after the case had been submitted to them and requested copies of the complaint, the answer and all of the amended answers. The second amended answer was read to them by the court stenographer, and the complaint and the original and first amended answers were allowed to be taken into the jury room, by the trial judge. The propriety of the action of the court in complying with the jury's request to take the pleadings with them for examination is the sole question raised in this appeal.

The defendants' second amended answer averred facts which were at variance with their prior answers filed to the complaint. And defendant William Hughes' testimony under oath was inconsistent with defendants' answers. For this reason the pleadings were properly received in evidence. Evidence of a prior inconsistent statement by a party to the action may be used not only to impeach his testimony at the trial but such prior statement is an admission against interest and, as such, is substantive proof of the matter con-

tained therein. *Gougher v. Hansler,* 388 Pa. 160, 130 A. 2d 150. " 'Although a pleading which has been withdrawn or stricken out or superseded by amendment is out of the case in its capacity as a pleading, and the pleader is no longer concluded by it, statements therein may still be competent as admissions, when they are relevant to the issues in connection with which it is sought to introduce them.' ": *Easton School Dist. v. Cont'l Cas. Co.,* 304 Pa. 67, 72, 155 A. 93.

The court did not err here in admitting the pleadings in evidence nor even in allowing them to go out with the jury. "... it is within the discretion of the trial court whether documentary evidence, properly admitted (with the exception of depositions or transcripts of testimony), shall be sent out with the jury": *Brenner v. Lesher,* 332 Pa. 522, 528, 2 A. 2d 731; *Durdella v. Trenton-Phila. Coach Co.,* 349 Pa. 482, 484, 37 A. 2d 481. An admission must be distinguished from a deposition and it was in the discretion of the trial court in this case whether the admission should accompany the jury when they retired to consider their verdict. *Whitfield v. Reading Company,* 380 Pa. 566, 570, 112 A. 2d 113. But in any view the action of the court in the present case was not error for the reason that when the court inquired whether there was any objection to complying with the jury's request, defendants' counsel stated: "I want them to get whatever they want." There can be no question that counsel for both parties agreed that the jury should have the pleadings with them in the jury room. Having agreed, the defendants may not now complain on any ground. Cf. *Com. v. Schwartz,* 178 Pa. Superior Ct. 434, 445, 115 A. 2d 826.

Judgment affirmed.