## Bata v. Central Penn National Bank

*Lewis H. Van Dusen, Jr.*, for plaintiff.

*Rawle & Henderson*, for Central Penn National Bank of Philadelphia.

*Harold E. Stassen, A. Evans Kephart* and *Roger A. Johnsen*, for Jan A. Bata, defendant.

REIMEL and SMITH, JJ., October 5, 1971.— Between the dates of this court's previous decree of February 3, 1970, and of defendant Bata's appeal therefrom, plaintiff petitioned the court for leave to amend his complaint. The purpose of his doing so was to enlarge his pleadings so as to assert and seek injunctive relief against conduct of defendant Bata which he believed constituted breaches of their basic agreement of March 27, 1962. These very matters had been set forth in plaintiff's petition for further enforcement which led up to our decree of February 3, 1970, but in issuing that decree we felt compelled to deny that additional relief because the original action, in neither pleadings nor prayer, had been framed to include those alleged wrongful acts of defendant Bata within its scope.

The leave to amend was duly granted, and extensive pleadings were newly filed on both sides. With the case in this posture, the Supreme Court of Pennsylvania when it came to consider defendant Bata's appeal from the decree of February 3, 1970, in the interest of avoiding a piecemeal resolution of this long-standing and many-faceted controversy, entered this order:

"AND NOW, this 26th day of January, 1971, the Court has decided to retain this appeal, and it is hereby Ordered that the case be remanded to the lower court for an expeditious decision of the issue in Item No. 2 of the Decree of February 3, 1970, and of all other pending issues which had not been disposed of by agreement of the parties or by the lower court. Upon disposition of this issue and of all other pending issues, the case will be relisted for oral argument at the April Session, at Philadelphia."

By stipulation of the parties, approved by the Supreme Court of Pennsylvania on March 17, 1971, the

time of the relisting of the case for oral argument before the Supreme Court of Pennsylvania was fixed as the November 1971 session of that court.

Item No. 2 of the decree of February 3, 1970, directed payment of escrow costs and counsel fee of the escrow agent defendant, Central Penn National Bank, in an amount to be determined by agreement of the parties, or, failing that, by this court's own calculation. That issue meanwhile has been resolved by agreement of the parties for payment by the escrow agent to itself out of the funds in its hands of the sum of $7,091.12.

The other pending issues referred to in the order which had not been disposed of by agreement of the parties or by this court as of January 26, 1971, were the following:

(a) Plaintiff's motion for summary judgment requesting a further and supplemental adjudication; and

(b) the disposition of the balance of the funds remaining in escrow at the Central Penn National Bank in light of the supplemental relief sought by plaintiff.

These issues were the ones newly raised by plaintiff's amendment of his complaint pursuant to the leave granted him. The essential substance of the amendment is contained in paragraph fifteenth and the prayer of the amended complaint, as follows:

*"Fifteenth:* Defendant Jan T. Bata has wrongfully refused to carry out his remaining obligations under the comprehensive settlement agreement and has openly violated its terms in that he has laid claim to the majority interest in the Dutch Bata Company, Bata-Best; he has refused to vote his shares of Bata-Best for the capitalization of its accumulated surplus; and he has revived litigation in Switzerland directed

at securing control of Bata-Best—all in violation of the comprehensive settlement agreement referred to in paragraphs 'Seventh' and 'Eighth.'

"*Sixteenth:* Plaintiff Thomas J. Bata has no adequate remedy at law.

"Wherefore, plaintiff prays the court to enter an order and decree: that defendant Jan T. Bata and his counsel, Harold E. Stassen take all steps necessary to complete performance of the comprehensive settlement agreement including specifically:

". . . to desist from any further litigation in Switzerland, Holland or elsewhere in violation of the comprehensive settlement agreement of March 1962;

". . . to give to defendant's Swiss counsel, Dr. von Castelberg, in writing, instructions to desist from any further litigation in Switzerland in violation of the comprehensive settlement agreement of March 1962;

". . . to procure the retraction by defendant's Dutch counsel, Mr. Teixeira de Mattos, of his letter dated November 29, 1968 filed with the minutes of the general meeting of Bata-Best of November 29, 1968 and of his partner's letter dated June 9, 1969 filed with the minutes of the general meeting of Bata-Best of June 9, 1969; and in place thereof that he, Mr. Teixeira de Mattos, is to acknowledge by a writing suitable for filing with the minutes of a general meeting of Bata-Best that Leader AG is the owner of 55% of the capital stock of Bata-Best and that defendant has no claim to said 55% or interest therein whatsoever;

". . . to give defendant's Dutch counsel, Mr. Teixeira de Mattos, in writing, instructions to desist from any litigation in violation of the comprehensive settlement agreement of March 1962; and

". . . to procure the vote of the 45% of the capital stock of Bata-Best held by Jan A. Bata at his death

in favor of any increase in the authorized capital of the company called for by the comprehensive settlement agreement of March 1962."

Following the filing by defendant Bata of his answer to the complaint so amended, together with new matter and counterclaims, and plaintiff's reply to the new matter and counterclaims, plaintiff on May 26, 1970, filed a motion for summary judgment. Accordingly, this motion was pending on the date of the Supreme Court's order of remand, January 26, 1971, and is, by that order, now to be ruled upon. Besides moving for summary judgment, plaintiff requested an award of damages, including counsel fees, costs and disbursements.

Since the entry by the Supreme Court of its order of January 26, 1971, this court has held two further hearings on plaintiff's motion for summary judgment, on May 19, 1971, and June 15, 1971. At these hearings, plaintiff in support of his motion introduced the following evidence on the record: In paragraph 15 of plaintiff's amended complaint, plaintiff asserts, in part, that defendant, in violation of the 1962 settlement agreement, has laid claim to the majority interest in the Dutch Bata-Best Company, Bata-Best. Defendant in paragraph 15 of his April 3, 1970 answer to plaintiff's amended complaint does not specifically deny plaintiff's assertion. The record of the 1966 proceedings between plaintiff and defendant, pages 249A-251A, 593A, reveals that it was agreed in the 1962 comprehensive settlement agreement that 275 of the 500 outstanding shares of Bata-Best were the property of Leader AG, a Swiss holding company, and 225 shares were the property of Jan A. Bata. That agreement further set forth that Jan A. Bata had "no legal or beneficial interest whatever in Leader AG or in its assets"; that as owner of the minority interest in

Bata-Best, Jan A. Bata would "agree with, and ratify, all steps taken by Leader AG and/or Bata-Best to secure the release of any influence or control of the Government of the Netherlands . . . or the management or other affairs of Bata-Best," and that "a general meeting of shareholders [of Bata-Best would] be held at the earliest feasible date."

Plaintiff asserts defendant, in violation of the 1962 settlement agreement, has written a series of letters to Bata-Best asserting that the provisions of the 1962 comprehensive settlement agreement, relating to the division of ownership of Bata-Best were invalid and that defendant is the owner of 100 percent of its outstanding shares.

Defendant did not specifically deny these alleged facts in his answer to plaintiff's petition for further enforcement.

During the June 1969 hearings, plaintiff, on June 25, 1969, introduced Exhibits P-2, 2A, through P-15, 15A inclusive, to substantiate his claim.

The record shows clearly that a valid settlement was entered into by the parties, that a division of the stock of the Bata-Best Company was concluded and that defendant has not abided by this settlement and now claims a total interest in Bata-Best. Sufficient evidence exists for an order directing defendant to cease the Dutch litigation surrounding the percent control of the Bata-Best stock and to abide by the division he agreed to in 1962.

Plaintiff, in addition, in paragraph 15 of his amended complaint, now asserts, in part, that defendant in violation of the 1962 comprehensive settlement agreement has revived litigation in Switzerland directed at securing control of Bata-Best.

Defendant in his answer 15-C to plaintiff's amended complaint does not specifically deny that he has re-

vived litigation. Instead he claims new evidence of fraud as grounds for the revival.

Also plaintiff, in paragraphs 10, 15 and 18 of its 1969 petition for further enforcement, charged defendant with instituting the Swiss litigation in violation of 1962 settlement.

Defendant, in paragraphs 10, 15, 18 of his answer to plaintiff's petition for further enforcement, does not specifically deny petitioner's claims.

As part of the 1962 settlement agreement, defendant had agreed not to proceed with further litigation in Switzerland.

Exhibits P-16, 16-A through P-29, inclusive, substantiate petitioner's claim that defendant had revived the litigation in Switzerland and were all admitted into evidence at the hearing on June 25, 1969.

Thus, the record again reveals a course of conduct objected to by plaintiff and admitted to by defendant. Said conduct contravenes a binding and complete agreement entered into by the parties in 1962. Plaintiff is entitled to relief from any further Swiss litigation grounded on defendant's allegations of fraud which are, as in the past, vague and unsupported.

Lastly, plaintiff, in paragraph 15 of his amended complaint, asserts, in part, that defendant, in violation of the 1962 comprehensive settlement agreement, has refused to vote his shares of Bata-Best for the capitalization of its accumulated surplus.

Defendant in paragraph 15-b of his answer to plaintiff's amended complaint does not specifically deny refusing to vote his shares of Bata-Best for the capitalization of its accumulated surplus. Instead, defendant claims that Dutch Bata has been recapitalized to the maximum permissible by its charter and that defendant never agreed to work with plaintiff to amend the charter for the allowance of increased capitalization.

Plaintiff in support of its assertion cites Exhibits 94, 95, 96, 100, 101, 102, to plaintiff's reply admitted by defendant in paragraphs 93 through 98 of defendant's counter-reply.

In addition, plaintiff previously asserted defendant's failure to capitalize in accordance with the 1962 settlement agreement in paragraphs 25, 26, 27, 28, 29, 30 of its 1969 petition for further enforcement.

Defendant did not specifically deny these allegations in paragraphs 25, 26, 27, 28, 29, 30 of its answer to plaintiff's petition for further enforcement.

Exhibits P-11, 11A, P-15, 15A, inclusive, substantiate petitioner's claim and were admitted into evidence at the hearing on June 25, 1969.

Plaintiff, upon a review of the record, appears to be entitled to the additional relief it requests involving the capitalization of the surplus. Defendant agreed in 1962 to a harmonious and profitable operation of the Bata-Best Company and should be bound by the agreement he made.

The admissibility into evidence of all these portions of the present and earlier record of the case is controlled by the doctrine of judicial admissions.

Admissions contained in pleadings, stipulations, and the like are usually termed "judicial admissions," and, as such, cannot later be contradicted by the party who has made them: Tops Apparel Manufacturing Company, Inc. v. Rothman, 430 Pa. 583, 244 A. 2d 436; Wills v. Kane, 2 Grant 60, 63 (Pa., 1853).

Statements in a superseding pleading may be used as evidence against the party by whom they were made: Easton School District to use v. Continental Casualty Company, 304 Pa. 67, 155 Atl. 93.

Though a pleading which has been withdrawn or stricken out or superseded by amendment is out of the case in its capacity as a pleading, and though the

pleader is no longer concluded by it, statements therein may still be competent as admissions when relevant to issues in connection with which it is sought to introduce them: Braceland v. Hughes et ux., 184 Pa. Superior Ct. 4, 133 A. 2d 286.

As added in 1966, the Rules of Civil Procedure provide for the procedure with respect to a motion for summary judgment (Rule of Civil Procedure 1035) which procedure was adopted from the Federal rules.

Provision for a motion for summary judgment is made in the Rules of Civil Procedure relating to the action of assumpsit, and under rules conforming other forms of action to assumpsit, it would appear that a motion for summary judgment is available except as otherwise restricted by other rules in actions in equity, actions in trespass, and various other types of actions: Rules of Civil Procedure 1035, 1501, 1041, 1121, 1141, 1061, 1071.

Under the Rules of Civil Procedure, after the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any: Rule 1035(A).

A motion for summary judgment is designed to provide a speedy method for determining whether or not there is a question of fact, and, if no such question is present, to provide for the prompt determination of questions of law: Rule 1035.

One who is confronted with a sham pleading and who can conclusively show that it is a sham may move for a summary judgment: Ruhe v. Kroger Co., 425 Pa. 213 (1967); Commonwealth ex rel. Allesandroni v. Borough of Applewold, 87 Dauph. 209 (1967), where municipality admitted noncompliance with a lawful order by a board of Commonwealth and was unable

to allege any facts which would excuse noncompliance, board was entitled to a summary judgment.

Under the Rules of Civil Procedure, summary judgment may be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any matter of law: Rule 1035(A). Thus, a summary judgment must be denied when there is a genuine issue of material fact (Commonwealth v. Strasburg Borough, 45 D. & C. 2d 184 (1968); Toth v. Philadelphia, 213 Pa. Superior Ct. 282 (1968)), and must be denied when, even though the facts are undisputed, the parties may in good faith disagree about inferences: Schacter v. Albert, 212 Pa. Superior Ct. 58 (1968).

The movant has the burden to demonstrate that there is no genuine issue of material fact (McFadden v. American Oil Company, 215 Pa. Superior Ct. 44 (1969)), and disputed or controverted facts, in order to preclude a summary judgment, must be relevant: Linwood Harvestore, Inc. v. Cannon, 427 Pa. 434 (1967).

However, even though there may be one or more issues of fact, resort may be had to summary judgment procedure to eliminate from the matters in issue, facts not seriously controverted (Rule 1035(C)) and resolve questions of law not arising from controverted facts.

In passing on a motion for summary judgment, it is not part of the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried: McFadden v. American Oil Company, supra. *The court must consider the entire setting of the case and all the papers in the record:* Schacter v. Albert, supra.

The record as potentially possible at trial should be considered; thus, even though counter affidavits are

not filed, summary judgment should not be rendered on a party's affidavit which depends on oral testimony, since this testimony might be contradicted at the trial.

A careful review of the Bata record, pleadings and answers and affidavits offered into evidence, indicates no dispute that litigation was instituted in Washington, D. C., and in Switzerland, by defendant, that a clear claim to total ownership in Bata-Best was made by defendant, and that there was no proper capitalization of the surplus of Bata-Best because of the intended intervention of defendant. Defendant's above described and specifically undenied conduct was in contravention of the clearly agreed to 1962 settlement agreement. Defendant's answers to plaintiff's petition for further enforcement cannot be characterized as specific denials. Defendant's answers are nothing short of inappropriate rationalizations. It would appear that in light of the Pennsylvania law on summary judgment petitioner is entitled to this type of relief.

## FINDINGS OF FACT

1. Since execution of the comprehensive settlement agreement of March 27, 1962, defendant Bata has, through his counsel, made written claims to the officers of the Dutch Bata-Best Company of his ownership of all the outstanding shares of that company.

2. Since execution of the comprehensive settlement agreement of March 27, 1962, defendant Bata has, through his counsel, instituted and maintained litigation in Holland seeking to assert his claim to ownership of all the outstanding shares of the Dutch Bata-Best Company.

3. Since execution of the comprehensive settlement agreement of March 27, 1962, defendant Bata has, through his counsel, revived litigation in Switzerland seeking therein to establish his own control of the

Dutch Bata-Best Company and his claim to ownership of its stock in a proportion greater than that allocated to him in the aforesaid comprehensive settlement agreement.

4. Since execution of the comprehensive settlement agreement of March 27, 1962, defendant Bata has, either himself or through his counsel, failed and refused to procure the vote of his 45 percent of the shares of stock of the Dutch Bata-Best Company in favor of that company's capitalization of its accumulated surplus.

5. As the direct result of defendant Bata's advancing such claims, instituting or reviving litigation, and failure or refusal to perform the terms of the March 27, 1962, comprehensive settlement agreement, plaintiff has been caused to suffer damages, including counsel fees, costs and disbursements, in the amount of $507,-954.86.

## CONCLUSIONS OF LAW

1. The conduct of defendant Bata described in findings of fact nos. 1, 2, 3 and 4 above constitutes violation on his part of the terms of the March 27, 1962, comprehensive settlement agreement heretofore adjudicated by this court as valid and binding.

2. Plaintiff has no adequate remedy at law to enforce a cessation of such conduct, and compliance by defendant Bata with the terms of that settlement agreement, of which such conduct is violative.

3. Plaintiff is entitled to injunctive relief against such conduct.

4. Plaintiff is entitled to recovery from defendant Bata of damages consisting of his counsel fees, costs, and disbursements incurred in resistance to such conduct or in attempts to enforce defendant Bata's compliance with the terms of that settlement agreement.

## SUPPLEMENTARY DECREE

Now, October 5, 1971, plaintiff's motion for summary judgment is granted, and defendant Jan T. Bata, individually and as representative of the Estate of Jan A. Bata, Deceased, is ordered and directed:

1. Forthwith to discontinue, retract and refrain from any claim or further claim advanced by himself or any legal or other representative to any claim of ownership of the stock of the Dutch Bata-Best Company other than the 45 percent thereof set forth in the March 27, 1962, agreement of the parties.

2. Forthwith to issue written instructions to his Dutch counsel, Mr. Teixeira de Mattos, to make written retraction of his letter dated November 29, 1968, filed with the minutes of the general meeting of Bata-Best of November 29, 1968, and of his partner's letter dated June 9, 1969, filed with the minutes of the general meeting of Bata-Best of June 9, 1969; and in place thereof that he, Mr. Teixeira de Mattos, is to acknowledge by a writing suitable for filing with the minutes of a general meeting of Bata-Best that Leader AG is the owner of 55 percent of the capital stock of Bata-Best and that defendant has no claim to said 55 percent or interest therein whatsoever.

3. Forthwith to issue written instructions to his Dutch counsel, Mr. Teixeira de Mattos, to discontinue any pending and to institute no future litigation in the courts of that country seeking to assert a claim on behalf of defendant Jan A. Bata or defendant Jan T. Bata, individually or as representative of the Estate of Jan A. Bata, Deceased, to ownership of any more than 45 percent of the capital stock of the Dutch Bata-Best Company.

4. Forthwith to issue written instructions to his Swiss counsel, Dr. von Castelberg, to discontinue any pending and to institute no future litigation in the

courts of that country seeking to assert a claim on behalf of Jan A. Bata, or his estate, or defendant Jan T. Bata, individually or as representative of the Estate of Jan A. Bata, Deceased, to control of the Dutch Bata-Best Company or to ownership of any more than 45 percent of the capital stock of that company.

5. To refrain himself or through any legal or other representative from any action in any court of any nation from asserting the invalidity of the comprehensive settlement agreement of March 27, 1962.

6. To procure the vote of his 45 percent of the shares of the capital stock of the Dutch Bata-Best Company at the next meeting of its stockholders called for such purpose, in favor of the capitalization of its surplus.

7. To pay plaintiff the damages set forth above in finding of fact no. 5 in the amount of $507,954.86, additional to those awarded by this court's decree of February 3, 1970.

And, it is further ordered and decreed that the escrow agent defendant, Central Penn National Bank, after payment to itself of the sum agreed upon by the parties as to costs and counsel fees, $7,091.12, out of the escrow funds in its hands, and of the fine to be paid the Commonwealth of Pennsylvania and damages to plaintiff as already awarded by this court's decree of February 3, 1970, apply any balance of said escrow fund to payment of the additional damages herein awarded by paragraph 7 of this decree.