## James A. Smith & Sons v. Detrick

*Maxwell H. Cohen,* for plaintiff.

*Robert G. Williamson,* for claimant.

WILLIAMS, *P. J.,* February 10, 1976—Plaintiffs recovered a judgment against defendants in an assumpsit action in the amount of $15,000. Execution was issued on the judgment and the Sheriff of Monroe County levied on certain household goods and equipment located in a home owned by defendants. Margaret B. Decker, who is the mother of the wife-defendant, and who, along with her husband, occupied the dwelling along with defendants, in pursuance of Pa. R.C.P. 3203, filed a notice of claim with the sheriff. She claims ownership of the personal property subject to the sheriff's levy. In her notice of claim, she states that the source of her title is a bill of sale given to her by defendants dated May 1, 1975. The sheriff made a determination of title in favor of claimant and plaintiff has filed a timely objection to the sheriff's determination, thus under Pa. R.C.P. 3206 an interpleader is now at issue.

Counsel for the claimant has moved for an allowance to amend the notice of claim. The proposed amendment relates to the source of claimant's title to a portion of the levied property. Claimant seeks now to aver that a portion of the levied property acquired by her by the bill of sale dated May 1, 1975, was also acquired by her by purchase and inheritance.

The execution plaintiff objects to the proposed amendment.

It is first to be noted that the notice of claim is a pleading. Pa. R.C.P. 3206, provides, in part:

"Upon the filing of the objection an interpleader shall be at issue in which the claimant shall be the plaintiff and all other parties in interest shall be defendants. The only pleading shall be the claim, all averments of which shall be deemed to be denied."

Pa. R.C.P. 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleadings to the evidence offered or admitted."

Here, the proposed amendment is for the purpose of conforming the pleading to the evidence to be offered at the hearing. The proposed amendment is clearly permitted by Pa. R.C.P. 1033.

Courts have been uniformly liberal in the allowance of amendments. In Bata v. Central Penn National Bank of Philadelphia, 448 Pa. 355, 379, 380, 293 A.2d 343 (1972), the court said:

"This Court has frequently held that amendments to pleadings ' "should be liberally granted at any stage of the proceedings." ' Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 460, 219 A.2d 676, 679 (1966) (quoting from Schaffer v. Larzelere, 410 Pa. 402, 407, 189 A.2d 267, 270

(1963). This liberality is in accord with the general objective of our procedural rules. Rule 126 of the Pennsylvania Rules of Civil Procedure provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' "

The execution creditor asserts that he will be prejudiced if an amendment is allowed subsequent to the sheriff's determination of ownership.

Rule 3206(a) and Rule 3207(a) imposes the duty upon the sheriff to determine whether the claimant is prima facie the owner of the property levied upon.

Prior to the adoption of the present court rules, the preliminary determination of title was by judicial hearing and not by the sheriff. Under the prior case law, "the court is not to inquire into the merits of the respective claims further than to see that they are not merely colorable or frivolous or collusive, but may be the basis of bona fide suits": McKinley v. Mutual Life Insurance Company, 278 Pa. 300, 304, 123 Atl. 304 (1924).

In respect to the prior case law, Goodrich Amram's Commentary, §3204-1, page 20, states:

"While the preliminary determination of title is now made by the sheriff, rather than by the court as under the Sheriff's Interpleader Act, the sheriff might look to the prior case law for guidance as to how this determination should be made. Under the

Sheriff's Interpleader Act, it was held that the purpose of the preliminary hearing was to determine whether the claim of a third party to property subject to levy of execution was genuine, or merely colorable, frivolous or collusive, and not to settle contending titles."

The proposed amendment does not seek so much to change the source of claimant's title to the property, but to add to the source asserted in the claim, two additional sources of title. All the property levied upon was, in fact, included in the bill of sale, relied upon by claimant, to establish her source of title. Since the sheriff determined prima facie ownership in claimant based upon the bill of sale, it is hardly conceivable that he would have reached a contrary conclusion if the original claim asserted the bill of sale as the source of claimant's title and, in addition thereto, also asserted that title as to some of the goods levied upon was derived from purchases and inheritance.

We see no prejudice to the execution creditor in the allowance of the amendment, subsequent to the sheriff's determination of prima facie ownership.

We find no case law which deals with the specific question before us. Counsel for the execution creditor has referred us to the case of Loyek v. Hich, 28 Luz. 178 (1932); C. & S. Furniture Stores, Inc. v. Kircher 30 Luz. 231 (1933), and Pany v. Lynn's Fyne Shoes, Inc., 33 Lehigh 69 (1968). Both Loyek v. Hich and C. & S. Furniture Stores, Inc. v. Kircher were decided prior to the adoption of the present Supreme Court rules. In both cases, the statement of claim was allowed to be amended, but the

amendment was allowed prior to determination of title.

In Pany v. Lynn's Fyne Shoes, Inc. the court refused to strike a claim of ownership because the claim did not state the name of the seller from which each item of personality was purchased. The court held such information need not be alleged in the claim and discovery was available if such information was needed. The court further stated it would be inconceivable to strike the claim without allowing an amendment. These cases serve to support that the courts will permit amendment of the claim, although the Rules of Civil Procedure do not provide for an amendment. Neither do the rules provide for objection to the form of the claim. In the absence of a specific rule, we will apply the provisions of the general rule, viz., Pa. R.C.P. 1033 and the case law applicable thereto.

We see no prejudice to the execution creditor in allowing the amendment. The execution creditor may, through discovery proceedings, inquire into the alleged sources of claimant's title to the property. Moreover, the execution creditor may, if any inconsistency exists in the original pleading and the amended pleading, impeach the credibility of claimant by offering in evidence the original pleadings. See Braceland v. Hughes et ux., 184 Pa. Superior Ct. 4 133 A.2d 286 (1957).

## ORDER

And now, February 10, 1976, the rule to show cause why claimant, Margaret B. Decker, should not be allowed is made absolute and claimant is given a period of ten days in which to file said amended pleading.