## Chillingworth v. Nello Construction Co.

*Frank A. Conte* and *Joseph M. Yablonski,* for plaintiffs.

*Christopher T. Yoskosky,* for defendant Nello Construction Co.

*Paul A. Pongrace III,* for defendant Paramount Flooring Associates.

*Martin J. Gesk,* for defendant Management Engineering Corp.

*Alan W. Torrance Jr.,* for additional defendant W.G. Tomko & Sons Inc.

MOSCHETTA, *J.,* August 15, 2005—Before the court is additional defendant W.G. Tomko & Sons Inc.'s motion for summary judgment. The court has considered the motion, its accompanying brief, and the oral arguments presented by Tomko and defendant Paramount Flooring Associates Inc. on July 21, 2005. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

Plaintiffs filed a writ of summons with the Court of Common Pleas of Washington County on April 11, 2002, and then filed a complaint on May 22, 2002. Plaintiffs' original complaint alleged counts of negligence against Nello Construction Company and the McGuffey School District that related to an accident in which plaintiff Kathryn Sell Chillingworth tripped and fell over an object on the floor of the library at the school where she worked. McGuffey filed preliminary objections, and thereafter, plaintiffs filed an amended complaint on August 29, 2002, naming Nello as the sole defendant. Nello, on October 21, 2002, then filed a complaint to join additional defendants Tomko and Paramount Flooring Associates. Tomko filed an answer and new matter on December 5, 2002. Tomko did not file any preliminary objections. After engaging in discovery, plaintiffs obtained leave of court to file a second amended complaint and filed same on August 26, 2003. The second amended complaint makes no averments against Tomko.

## II. STANDARD OF REVIEW

In determining whether summary judgment is appropriate, the court must consider the record in the light most

favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 144-45, 615 A.2d 303, 304 (1992). Summary judgment will be granted only in those cases which are free and clear from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). At the same time, however, a non-moving party may not successfully avoid summary judgment by simply resting upon the mere allegations or denials contained in the pleadings. Pa.R.C.P. 1035.3(a). In other words, to defeat a motion for summary judgment, a non-moving party must present sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996). The non-moving party's inability to advance such evidence would establish that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law. *Id.*

## III. DISCUSSION

Additional defendant Tomko argues that it is entitled to summary judgment on the basis that there is currently no cause of action against it in this case. It claims that its involvement in this litigation began when defendant Nello filed a complaint to join additional defendants in response to plaintiffs' first amended complaint. Tomko argues that when plaintiffs subsequently filed a second amended complaint on September 15, 2003, plaintiffs' first amended complaint and all of its responsive pleadings were rendered moot.

The court concurs with Tomko on the general proposition of the effect of amended pleadings—when a pleading is amended, the original pleading is superseded and "the pleader is no longer concluded by it." *Braceland v. Hughes,* 184 Pa. Super. 4, 6, 133 A.2d 286, 287 (1957). However, in this case, it is not the first amended complaint that named Tomko as an additional defendant—it was original defendant Nello's complaint to join additional defendants, which was at no point withdrawn or stricken. Tomko cites no case law in which a court was faced with a situation factually similar to the one at hand—*i.e.,* a case lending support to the proposition that Nello's complaint to join additional parties should be rendered moot—nor is the court able to locate such a case.

Tomko also relies on the fact that it sought and obtained a stipulation for voluntary dismissal from plaintiffs and from all of the parties to this action except for additional defendant Paramount, which refuses to stipulate to Tomko's dismissal. However, such stipulations are only relevant to the issue of discontinuance. If Tomko had a stipulation for voluntary dismissal from Paramount, Tomko would be eligible for a discontinuance under Pa.R.C.P. 229, which states, in relevant part:

"(a) a discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

"(b)(1) Except as otherwise provided in subdivision (b)(2), *a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties.*" (emphasis added)

With regard to summary judgment, however, these stipulations for voluntary dismissal simply have no bearing on the court's analysis.

## IV. CONCLUSION

In light of the foregoing, viewing the facts in the light most favorable to additional defendant Paramount, the court concludes that this is by no means a case that is "free and clear from doubt." Therefore, a grant of summary judgment is not appropriate.

## ORDER

And now, August 15, 2005, after argument, and in consideration of the motion and brief filed, defendant Tomko's motion for summary judgment is hereby denied.